D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
GINA MARIN, on behalf of herself and others similarly situated,

                Plaintiff,

  v.

310 BOWERY GROUP, LLC, d/b/a 310 BOWERY BAR and EPSTEIN'S BAR, LLC d/b/a 82 STANTON BAR, and RICHARD AURIGEMMA,

                Defendants.
-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Plaintiff Gina Marin resides in New York. She has been a server for Defendants at 310 Bowery Bar from March 2022 until the present and was a server at 82 Stanton Bar from May 2023 until December 2023.

4.      Defendant 310 Bowery Group, LLC d/b/a 310 Bowery, is a New York corporation that owns and operates 310 Bowery Bar in downtown Manhattan.

5.      Defendant Epstein's Bar, LLC d/b/a 82 Stanton Bar, is a New York corporation that owns and operates 82 Stanton Bar in downtown Manhattan.

6.      Defendants 310 Bowery Group, LLC and Epstein's Bar, LLC are collectively referred to as the "Corporate Defendants."

7.      Upon information and belief, at all relevant times each Corporate Defendant annual gross volume of sales has exceeded $500,000.

8.      Defendant Richard Aurigemma is a part owner of both Corporate Defendants.

9.      Defendant Aurigemma actively manages both locations and is frequently present at both locations overseeing the general affairs of the bars. While at the bars he regularly meets with the general managers to discuss day-to-day management issues.

10.     Defendant Aurigemma is ultimately responsible for hiring and firing, scheduling and pay practices at both locations.

11.     As described above, the Corporate Defendants are managed by Defendant Aurigemma. They share also other management, including Anthona Tamaro, who frequents both

locations in his management capacity. There are often employees who are scheduled to work at both locations in a given week, as Plaintiff did for an extended period of time. As such, the Corporate Defendants constitute a single integrated employer under the FLSA and New York law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at 310 Bowery Bar on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully and illegally retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers

employed by Defendants at 310 Bowery Bar and/or 82 Stanton Bar on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

18. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

   c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

   d) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

   e) Whether Plaintiffs and Class members were forced to share their tips with parties who are not entitled to their tips.

   f) Whether Defendants provided Plaintiff and Class members with the proper wage notices.

## **FACTS**

23. Plaintiff's Consent to Sue form is attached as Exhibit A.

6

24. Defendants committed the following alleged acts knowingly, intentionally and willfully.

25. Throughout her employment, Defendants paid Plaintiff pursuant to the New York tip credit. As a result, Defendants paid Plaintiff an hourly cash wage that was less than the full New York minimum wage.

26. For example, for the pay period ending January 28, 2024, the full New York City minimum wage was $16 per hour. That week, Defendants took a $5.35 tip credit against the minimum wage and paid Plaintiff for 24.40 hours at a rate of $10.65 per hour.

27. Defendants were not entitled to use a tip credit to pay Plaintiff less than the minimum wage because they did not give Plaintiff proper written notice of the tip credit.

28. Defendants did not at any point give Plaintiff any written wage notice. Because Defendants did not provide Plaintiff with a written wage notice that included notice of the tip credit, Defendants' use of a tip credit was an underpayment of wages. In other words, Defendants' violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than she was entitled to.

29. Defendants paid all service employees at both locations pursuant to the tip credit without giving them written notice of such.

30. At 310 Bowery Bar, Defendants required Plaintiff and other service employees to share tips with general manager Chloe Font. Ms. Font was directly in charge of hiring and firing employees and setting their schedules. Ms. Font has since been replaced by Madison Nirchi, with whom Plaintiff and other service employees are required to share tips. This conduct violated the FLSA and NYLL.

31. Defendants did not give Plaintiff paystubs that included the tip credit that Defendants were taking against the minimum wage owed Plaintiff, in violation of New York Law.

32. As a result of this violation combined with Defendants failure to give Plaintiff appropriate notice of the tip credit, Plaintiff was unaware that she was illegally being paid pursuant to a tip credit and did not pursue full payment until the instant lawsuit.

33. Defendants knew that nonpayment of minimum wage/overtime and improperly forcing and/or the Plaintiffs to share their tips with management would economically injure Plaintiffs and violated federal and state laws.

34. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

35. In mid-February 2024 Plaintiff complained to general manager Nirchi about Defendants' illegal tipping practices.

36. The following week, Defendants retaliated against Plaintiff by reducing Plaintiff's working hours from about 26 hours per week to about 6 hours per week, without providing any legitimate reason for the reduction.

37. As a result of the drastic reduction Plaintiff has lost almost all the income she was earning from Defendants.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs**)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

39. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

40. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

41. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

42. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Herself and the Class)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage.

45. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

46. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48. Defendants retained portions of Plaintiff's and Class Members' tips.

49. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Herself and the Class)**

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

52. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELEIF
**(NYLL Retaliation, N.Y. Lab. L. § 215)**

53. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

54. Defendants willfully and unlawfully retaliated against Plaintiff for her engagement in protected activities, namely her complaint regarding Defendants' tip pool practices.

55. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

56. Defendants' conduct violated the New York Labor Law § 215.

57. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELEIF**
**(NYLL Retaliation, N.Y. Lab. L. § 215)**

58. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

59. Defendants willfully and unlawfully retaliated against Plaintiff for her engagement in protected activities, namely her complaint regarding Defendants' tip pool practices.

60. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

61. Defendants' conduct violated the New York Labor Law § 215.

62. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**New York Labor Law ("NYLL") § 740 – Retaliation**

11

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. In violation of the NYLL, Defendant intentionally retaliated against Plaintiff because she complained about Defendants' illegal tip pool practices.

65. Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

66. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, and other financial loss, as well as suffering humiliation, embarrassment, emotional distress, and mental anguish.

67. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, lasting embarrassment, and humiliation.

68. Plaintiff seeks all legal and equitable remedies available for violations of the NYLL including compensatory damages, liquidated damages, punitive damages, and emotional attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of Herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state

claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York  
       February 22, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum  
    D. Maimon Kirschenbaum  
    32 Broadway, Suite 601  
    New York, NY 10004  
    Tel: (212) 688-5640  
    Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.