Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Aaron Solomon, Esq.
ASolomon@kaufmandolowich.com

Amanda B. Slutsky, Esq.
Amanda.Slutsky@kaufmandolowich.com

April 18, 2024

**VIA CM/ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re:   Gina Marin v. 310 Bowery Group, LLC, d/b/a 310 Bowery Bar
      and Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma
      Civil Action No.: 1:24-cv-01340-(ALC)

Dear Judge Carter:

       This firm represents Defendants 310 Bowery Group, LLC d/b/a 310 Bowery Bar, Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma (collectively the "Defendants") in the above-referenced action. We write pursuant to Your Honor's Individual Practice No. 2(A) to respectfully request a pre-motion conference regarding Defendants' forthcoming motion to dismiss Count IV in Plaintiff Gina Marin's ("Plaintiff") Complaint alleging violations of the New York Labor Law ("NYLL") §§ 195(1) and 195(3) due to lack of Article III Standing.

       Plaintiff claims that she worked at 310 Bowery Bar during the period of March 2022 until the present and 92 Stanton Bar during the period of May 2023 until December 2023. Plaintiff alleges violations of the Fair Labor Standards Act (the "FLSA") and NYLL on behalf of herself and a class comprised of servers, bartenders, barbacks, runners, and bussers allegedly employed by Defendants at 310 Bowery Bar and/or Stanton Bar on or after the date that is six years before the filing of the Complaint (the "Class").

       In Count IV of the Complaint, Plaintiff alleges that Defendants violated the NYLL §§ 195(1) and 195(3), which govern the provision of wage notices and wage statements to employees. However, Plaintiff does not allege (or have) a "concrete harm" arising from Defendants' purported failure to provide wage notices and wage statements. Indeed, ederal Courts can only exercise judicial power to "Cases" and "Controversies." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433 (2017) (*citing* Const. § 2, cl. 1.) "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006). Courts in the Second Circuit have dismissed wage notice and wage statement claims for lack of Article III standing because "the statutory damage remedies in NYLL § 195(1) and (3) do not support standing in federal court." *Quieju v. La Jugueria Inc.*, 2023 WL 3073518 at *1 (E.D.N.Y. Apr. 25, 2023) (collecting cases).

Honorable Andrew L. Carter, Jr.
April 18, 2024
Page | 2

      Here, Plaintiff alleges, in conclusory fashion, that "Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information." Dkt. No. 1 at ¶ 51. Plaintiff then alleges that she and the Class "are entitled to an award of damages pursuant to N.Y. Lab. Law § 198…." *Id.* at ¶ 52. Notably, Plaintiff does not allege any sort of "injury resulting from Defendants' alleged failure to provide her with wage statements and has therefore failed to establish subject matter jurisdiction for her wage statement claim." *Sokolovsky v. Silver Lake Specialized Care Ctr.*, 2023 WL 5977298 at *11 (E.D.N.Y. Sept. 14, 2023). It is abundantly clear that Plaintiff has not alleged any articulable harm such that this Court has standing and, as such, Count IV of the Complaint should be dismissed. *See, e.g.*, *Quieju v. La Jugueria Inc.*, 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) (dismissing wage notice and wage statement claims for lack of standing); *Chen v. Lilis 200 West 57th Corp.*, 2023 WL 2388728 at *7 (S.D.N.Y. March 7, 2023) ("Courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation. Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence."); *Sudilovskiy v. City WavCorp.*, 2022 WL 4586307 at *5 (E.D.N.Y. Sept. 29, 2022) (plaintiff's wage notice and wage statement claims were dismissed where "[t]he pleading in the case at bar [was] devoid of any allegation that the wage underpayment would not have occurred, or would have been reduced, had plaintiffs received a proper wage notice or wage statements."); S*hi v. TL & CG Inc.*, 2022 WL 2669156 at *8-9 (S.D.N.Y. July 11, 2022) (dismissing wage notice and statement claims); *Sevilla v. House of Salads One LLC*, 2022 WL 954740 at *7 (E.D.N.Y. Mar. 30, 2022) (dismissing WTPA claim for lack of Article III standing where concrete harm was neither plead nor evidenced); *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603 at *7 (E.D.N.Y. Mar. 28, 2022) (even if wage notice and wage statement provisions were violated, "neither Plaintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action… [that would] constitute an injury that can be recognized by the federal courts").

      Accordingly, Defendants respectfully request the Court grant their application for a pre-motion conference.

      We thank the Court for its consideration of this matter and look forward to the pre-motion conference.

                                  Respectfully submitted,
                                  Kaufman Dolowich LLP

                                  Aaron Solomon
                                  Amanda B. Slutsky

Cc: All counsel (*via* CM/ECF)