# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

April 22, 2024

<u>VIA ECF</u>

Honorable Andrew L. Carter
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re: *Marin, v.* 310 Bowery Group, LLC*, et al*, 23-cv-01340 (ALC)

Dear Judge Carter:

  We represent the Plaintiff in the above-referenced action. Pursuant to your Honor's Individual Rules, we write in response to Defendants' April 18, 2024 letter regarding their anticipated partial motion to dismiss Plaintiff's New York Labor Law ("NYLL") §§ 195(1) and 195(3) claims. Dkt. 16.  Plaintiff intends to oppose Defendants' partial motion to dismiss because Plaintiff has standing to bring her NYLL §§ 195(1) and 193 claims.  Specifically, despite Defendant' puzzling omission in their letter, Plaintiff *has* alleged a concrete injury stemming from Defendants' failure to comply with  NYLL §§ 195(1) and 195(3).

<b><u>Plaintiff Has Standing to Bring His NYLL § 195 Claims</u></b>

  In their letter, Defendants do not reference which prong of Fed. R. Civ. P. Rule 12 they intend to bring their motion, however, it appears that they intend to move to dismiss Plaintiffs' NYLL § 195 claims under FRCP 12(b)(1) for lack of standing. *See* Dkt. 16. The alleged lack of standing is the sole basis for Defendants' anticipate partial motion to dismiss. *Id*. As detailed below, Plaintiff has sufficiently alleged Article III standing for Plaintiff's NYLL § 195 claims, and the Court should deny Defendant's motion.

  At the motion to dismiss stage, Plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest" he has standing. *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 75 (2d Cir. 2022).  The elements of Article III standing are "(1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Trust Co., N.A*., 19 F.4th 58,

62 (2d Cir. 2021) (internal quotation marks omitted). An injury in fact exists where there is "the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id*. at 63 (insertion in original; internal quotation marks omitted).

"[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). However, the Supreme Court has long held that the withholding of information required to be provided under the law can establish standing. *See Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 448-50 (1989) (holding that withholding information that Plaintiff was legally entitled to is a cognizable injury under Article III); *FEC v. Akins,* 524 U.S. 11, 21 (1998) (holding Plaintiff's "inability to obtain information" caused Plaintiff a cognizable injury under Article III).

Since *Transunion*, courts in this District have consistently found that where "[t]he gravamen of the complaint is that the denial of plaintiff's statutory right to these documents caused plaintiff to fail to realize that defendants were deducting certain benefits from his wages, resulting in his underpayment, courts have ruled that plaintiff sufficiently demonstrated a tangible injury resulting from the violation to establish Article III standing." *Martinez v. Golden Flow Dairy Farms Inc*., No. 21-CV-2421 (ENV)(MMH), 2024 U.S. Dist. LEXIS 53100, at *17-18 (E.D.N.Y. Mar. 22, 2024) (citations and quotations omitted). Here, Plaintiff alleges just that. Specifically, with respect to her § 195(1) claim, Plaintiff alleges: "Because Defendants did not provide Plaintiff with a written wage notice that included notice of the tip credit, Defendants' use of a tip credit was an underpayment of wages. In other words, Defendants' violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than she was entitled to. *See* Complaint at Dkt. No. 1 at ¶ 28.

Next, with respect to her § 195(3) claim, Plaintiff alleges:

Defendants did not give Plaintiff paystubs that included the tip credit that Defendants were taking against the minimum wage owed Plaintiff, in violation of New York Law. As a result of this violation combined with Defendants failure to give Plaintiff appropriate notice of the tip credit, Plaintiff was unaware that she was illegally being paid pursuant to a tip credit and did not pursue full payment until the instant lawsuit.

*Id*. at ¶¶ 31-32. In short, Plaintiff *has* suffered a concrete injury in fact. Defendants' failure to notify her that they were paying her below the full minimum wage resulted in Plaintiff being underpaid. This caused Plaintiff a cognizable informational injury. As the Second Circuit recently explained, informational injuries based on the withholding of information are cognizable when a Plaintiff "allege[s] downstream consequences from failing to receive the required information" and "show[s] that he has an interest in using the information beyond bringing his lawsuit." *Harty v. West Point Realty, Inc*., 2022 U.S. App. LEXIS 7107, at *13, (2d Cir. Mar. 18, 2022). *See also, e.g., Metcalf v. TransPerfect Translations International, Inc*., 2023 U.S. Dist. LEXIS 54340, at *11-20 (S.D.N.Y. March 29, 2023) (holding that Plaintiffs allegations that the WTPA violations caused them to be underpaid and now prevent them from knowing the exact amount they are owed

is sufficient to confer standing); *Mateer v. Peloton Interactive, Inc*., 2022 U.S. Dist. LEXIS 125017, at *2-3 (July 14, 2022) (holding that Plaintiff had standing to assert WTPA claims because Plaintiff alleged that these violations "resulted in the underpayment of wages"); *Stih v. Rockaway Farmers Mkt., Inc.*, No. 22-CV-3228 (ARR)(RER), 2023 U.S. Dist. LEXIS 58299, 2023 WL 2760492, at *7 (E.D.N.Y. Apr. 3, 2023) (plaintiff alleged that failure to provide him with proper wage notices injured him by "denying him the right to be adequately apprised of the terms and conditions of his employment," including allowances defendant purported to claim against his salary).

Conversely, the cases Defendant cite involve cases where a plaintiff did *not* allege they suffered any harm and thus those court dismissed the WTPA claims there. *See, e.g., Sokolovsky v. Silver Lake Specialized Care Ctr*., No. 21-CV-01598 (MKB), 2023 U.S. Dist. LEXIS 163545, at *27 (E.D.N.Y. Sep. 14, 2023) ("Plaintiff has not alleged any injury resulting from Defendants' alleged failure to provide her with wage statements and has therefore failed to establish subject matter jurisdiction for her wage statement claim").

For the reasons contained herein, the Court should deny Defendant's anticipated partial motion to dismiss Plaintiff's NYLL § 195 claims for lack of standing.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

_____s/ *Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640


cc: All Counsel of Record (via ECF)