

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Aaron N. Solomon, Esq.**
ASolomon@kaufmandolowich.com

**Amanda B. Slutsky, Esq.**
Amanda.Slutsky@kaufmandolowich.com

May 21, 2024

**VIA CM/ECF**
Honorable Andrew L. Carter, Jr
United States District Court Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re:   Gina Marin v. 310 Bowery Group, LLC d/b/a 310 Bowery Bar and Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma
Civil Action No.: 1:24-cv-01340-(ALC)

Dear Judge Carter:

This firm represents Defendants 310 Bowery Group, LLC d/b/a 310 Bowery Bar, Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma (collectively, "Defendants") in the above-referenced action. We write in opposition to Plaintiff Gina Marin's ("Plaintiff") letter motion to compel the production of documents in compliance with the Court's Mediation Referral Order for Cases that Include Claims under the Fair Labor Standards Act. *See* Dkt. No. 18. As set forth in more detail below, Plaintiff's request should be denied in its entirety.

The Court's April 5, 2024 Mediation Referral Order for Cases that Include Claims under the Fair Labor Standards Act (the "Order") is narrow and requires Defendants to produce only the following information:

a. Documents that describe Plaintiff's duties and responsibilities;
b. Any existing records of wages paid to and hours worked by the Plaintiff (e.g. payroll records, time sheets, work schedules, wage statements, and wage notices;
c. Any documents describing Defendants' compensation policies or practices;
d. Proof of financial condition, but only if Defendants argue that they have an inability to pay.

*See* Dkt. No. 15.

Plaintiff claims that Defendants did not produce *any* of the documents mentioned in the order Other than Plaintiffs wage statements. That is not true because Defendants produced additional documents, including tip sheets and time records, to supplement the over 100 pages previously produced to Plaintiff.

      Plaintiff also seeks to compel production of documents for the "Class." However, the Order only requires production of documents that relate to *Plaintiff*. *See Dkt.* No. 15. Defendants are under no obligation to produce records for an unknown and uncertified "Class." Plaintiff cannot impose obligations on Defendants that do not presently exist. As such, Plaintiff's motion to compel records that do not solely relate to *Plaintiff* must be denied.

      Also, it is worth noting that Plaintiff never sufficiently met and conferred with Defendants prior to bringing this motion. Plaintiff's statement that she has "addressed these deficiencies several times with Defendants by phone and email" is entirely incorrect. Defendants received one call on April 18, 2024 and one email from Plaintiff's counsel on May 15, 2024. During that one phone call, Plaintiff demanded "tip sheets," which are not encompassed in the Order. At the end of the April 18th call, Plaintiff's counsel Josef Nussbaum stated that he would discuss with Plaintiff which additional managers (aside from those alleged in the Complaint) Plaintiff submits received tips. Counsel never provided that information.

      On May 15, 2024, even though Plaintiff still needed to provide information concerning the additional managers who received tips, opposing counsel sent an email asking for times to meet and confer to discuss outstanding issues. Plaintiff's counsel never proposed a date and time to speak and filed this motion on May 17, 2024, before Defendants could respond and without so much as following up his May 15, 2024 email with a phone call.

      Therefore, Plaintiff's letter motion to compel should be denied in its entirety as Defendants fully complied with the Order. We thank the Court for its attention to this matter.

      Respectfully submitted,

Aaron N. Solomon
Amanda B. Slutsky