# JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS

May 29, 2024

**<u>VIA ECF</u>**

Honorable Andrew L. Carter
United States District Judge
Southern District of New York

Re:     *Marin, v.* **310 Bowery Group, LLC***, et al*, **24-cv-01340 (ALC)**

Dear Judge Carter:

We represent the Plaintiff in the above-referenced action. We write in response to Defendants' letter to the Court dated May 21, 2024 to request that the Court either (a) require Defendants to provide documents relating to the class/collective in advance of the Court's ordered mediation, or (b) withdraw its Mediation Referral Order and allow—based on this pre-motion letter—Plaintiff to move for conditional certification of this case pursuant to 29 U.S.C. 216(b).

Plaintiff intends for this case to proceed as a collective/class action. "[N]umerous courts have found that wage claims are especially suited to class litigation—perhaps the most perfect questions for class treatment […]." *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 128 (S.D.N.Y. 2011) (collecting cases). This wage and hour case is not different. It would be an inefficient use of resources to conduct a mediation in which Plaintiffs cannot negotiate meaningfully as a result of not having information relevant to the class/collective.

I.     **The Court should Require Defendants to produce the Class-wide Information or Withdraw the Mediation Referral Order**

On February 22, 2024, Plaintiff filed this case in which she alleged various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. No. 1 ("Complaint"). Plaintiff brought the case as a putative collective action pursuant to 29 U.S.C. 216(b) for the FLSA claims and a putative Fed. R. Civ. P. Rule 23 class action for the NYLL claims. On April 5, 4024 the Court entered the Mediation Referral Order. Dkt. No. 15.

On May 17, 2024, Plaintiff wrote the Court to inform Your Honor that Defendants had not complied with the Mediation Referral Order because they had only produced Plaintiff's wage statements and had not produced other documents which obviously existed and were in their possession. *See* Dkt. No. 18. On May 21, 2024, Defendants responded that (a) with respect to Plaintiff, they produced—in addition to her payroll documents—tip sheets and time records, and (b) Plaintiff is not entitled to any documents relating to class members. As to the first point, the documents that Defendants produced relating to Plaintiff were produced *after* Plaintiff's May 17, 2024 and only hours before Defendants wrote their letter to the Court.

With respect to records for Class Members, Plaintiff simply cannot engage in settlement discussions without these records or a sampling of such records sufficient to compose a damages estimate in advance of mediation. Accordingly, Defendants should be required to produce them

in advance of any mediation. Alternatively, the mediation referral should be withdrawn, and Plaintiff should be allowed to proceed with this litigation and move for conditional certification.

## II.   The Court Should Allow Plaintiff to Move for Conditional Certification

### A.  Legal Standard for Conditional Certification Under 29 U.S.C. § 216(b)

The FLSA contemplates the maintenance of collective actions by similarly situated employees. 29 U.S.C. § 216(b).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 489 (S.D.N.Y. 2009).

"Although the Second Circuit has never offered a definitive standard for the conditional certification of collective action under the FLSA, it has "endorsed" a widely accepted two-step approach." *Ahmed Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2022 U.S. Dist. LEXIS 159160, at *5 (S.D.N.Y. Sept. 1, 2022). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Scott v. Chipotle Mexican Grill, Inc*., No. 12-CV-8333 (ALC)(SN), 2017 U.S. Dist. LEXIS 62902, at *207-08 (S.D.N.Y. Mar. 29, 2017) (Carter *J*.) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)) (citations and internal quotation marks omitted). The second step, not at issue here, requires the Court to review a fuller record, and determine "whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Scott,* 2017 U.S. Dist. LEXIS 62902, at *207-08 (Carter *J*.) (citing *Myers*, 624 F.3d at 555) (citations and internal quotation marks omitted).

At the first stage, a plaintiff "need only make a modest factual showing that she and other potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Martinez v. JVA Indus.*, 2021 U.S. Dist. LEXIS 66761, at *6, (S.D.N.Y. Apr. 6, 2021) (internal quotation marks omitted). "Plaintiff's burden at the conditional certification stage is 'minimal.'  Plaintiffs can meet this burden by showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id*. at *7 (internal quotation marks and citations omitted). " Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."  *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *9-10, (internal quotations and citations omitted).

"The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at this stage." *Ahmed Hegazy,* 2022 U.S. Dist. LEXIS 159160, at *6 (internal quotation omitted). "As a result, evidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." *Id.* (internal quotation omitted).

One court emphasized, "failure to pay proper minimum wages, time-shaving, **improper tip pooling**, and failure to provide proper wage statements or wage and hour notices are

about the most perfect questions for class treatments." *Gonzalez v. Hanover Ventures Marketplace LLC*, No. 21-cv-1347 (ER), 2024 U.S. Dist. LEXIS 48475, at *10 (S.D.N.Y. Mar. 18, 2024) (emphasis added) (citations and quotations omitted).

### B. All Tipped Employees Were Similarly Situated to Plaintiff

In this case, Plaintiff will be able to more than sustain her "minimal" burden of "showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Martinez v. JVA Indus.*, 2021 U.S. Dist. LEXIS 66761, at *7. In her Complaint, Plaintiff alleges that she was a tipped employee at Defendants' restaurants and during the time she worked at 310 Bowery she and all other tipped employees were required to share tips with their general managers. *See* Dkt. No. 1 at 30. Specifically, Plaintiff alleges that she and her fellow tipped employees had to share tips with Chloe Font and Madison Nirchi, both of whom were directly responsible for hiring and firing employees and for setting employees' schedules. *Id.*

The FLSA…provides: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m); see, e.g., *Amaya v. La Grande Boucherie LLC*, No. 23-cv-8897 (LJL), 2024 U.S. Dist. LEXIS 86022, at *9 (S.D.N.Y. May 13, 2024). Here, there is no real dispute that Defendants required their tipped employees to share tips with general managers at 310 Bowery. Defendants' own tip sheets produced in this litigation document individuals listed as "managers" receiving tips from the tip pool at 310 Bowery. For example, attached hereto as "Exhibit A" is sample tip sheet. In this document, there are two employees with first names "Chloe" and "Madison" who are both listed as "managers" and were both paid tips. This showing is sufficient for the Court to conditionally certify this action. *See, e.g., Guevara v. Fine & Rare Operations LLC*, No. 20-CV-5330 (BCM), 2022 U.S. Dist. LEXIS 4833 (S.D.N.Y. Jan. 10, 2022) (conditionally certifying a collective of tipped employees that alleged they had to share tips with managers); *Balverde v. Lunella Ristorante, Inc.,* 2016 U.S. Dist. LEXIS 62397, at *8 (S.D.N.Y. May 11, 2016) (certifying collective where movants claimed, among other things, that they were "required to participate in a tip pool, from which five percent of the total was set aside as additional compensation for the restaurant's general manager"); *Hilaire v. Underwest Westside Operating Corp*., 2020 U.S. Dist. LEXIS 27141 (S.D.N.Y. Feb. 17, 2020) (certifying collective where Plaintiffs claimed a management employee illegally shared in their tips).

For the reasons contained herein, the Court should grant Plaintiff's request for a pre-motion conference and grant Plaintiff's motion for conditional certification under 29 U.S.C. § 216(b). We thank the Court for its consideration of this matter.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

# JOSEPH & KIRSCHENBAUM LLP

### ATTORNEYS

_s/Josef Nussbaum_

Josef Nussbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)