**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Aaron N. Solomon, Esq.**
ASolomon@kaufmandolowich.com

**Amanda B. Slutsky, Esq.**
Amanda.Slutsky@kaufmandolowich.com

**MEMO ENDORSED**

May 31, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: June 3, 2024

**VIA CM/ECF**
Honorable Andrew L. Carter, Jr
United States District Court Judge
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re: Gina Marin v. 310 Bowery Group, LLC d/b/a 310 Bowery Bar and Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma
Civil Action No.: 1:24-cv-01340-(ALC)

Dear Judge Carter:

This firm represents Defendants 310 Bowery Group, LLC d/b/a 310 Bowery Bar, Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma (collectively, "Defendants") in the above-referenced action. We write for two reasons: 1) to respond to Plaintiff's improperly submitted letter dated May 29, 2024 addressing Defendants' opposition to her motion to compel class discovery; and 2) to seek an extension of time to respond to the portion of that letter that appears to seek a pre-motion application concerning conditional certification under section 216(b) of the Fair Labor Standards Act (the "FLSA"). *See* Dkt. # 20.

The portion of Plaintiff's letter addressing class discovery is improperly submitted because Rule 2(A) of the Court's Individual Practices only permits the filing of a letter motion and an opposition to same. The Rule does not allow the submission of a reply.

In any event, Plaintiff acknowledges that the Court's Mediation Referral Order, *See* Dkt. # 15, does not mandate class discovery. Instead, Plaintiff wants class discovery because she feels it is necessary for a discussion about class-wide resolution. However, Defendants may not want to discuss class-wide resolution at this time. No party has the obligation to settle, and Defendants do not have the obligation to settle in a framework to which they do not presently agree.

As such, unless both parties want to discuss class-wide resolution right now, then there is no obligation to discuss any sampling of class wide material. Accordingly, the Court should deny Plaintiff's motion to compel in its entirety.

It is Defendants' understanding that Plaintiff wants to remove this matter from the Court's Mediation Program. Defendants consent to this request.

Hon. Andrew L. Carter, Jr.
May 31, 2024
Page | 2

Additionally, Plaintiff's May 29, 2024, letter addresses an application for conditional certification of a collective action under the FLSA. A response to this letter is due on Monday, June 3, 2024.

Defendants respectfully request that the deadline to respond to this letter be extended up to, and including, June 11, 2024. Defendants respectfully submit that this extension is required because the undersigned has been out of the office this week and will be engaged in additional such obligations next week. Furthermore, and more pertinently, Amanda Slutsky, the handling associate, suffered the loss of a family member and has been out of the office. As such, we submit that the requested extension would be of great assistance.

More to the point, in some circumstances, parties stipulate to conditional certification. In other circumstances, they do not. Plaintiff never reached out to us to discuss the possibility of stipulating to conditional certification. Rather, Plaintiff chose to "jump the gun" and file a potentially unnecessary application.

As such, the extension is warranted because it gives the undersigned the chance to discuss stipulated conditional collective certification with Defendants to see if they will agree or if they will not. Also, it should be noted that Defendants' filed a pre-motion application for dismissal of Plaintiff's claims under New York Labor Law Sections 195(1) and 195(3), which is currently pending. *See* Dkt Nos. 16-17.

In light of all of this, affording what amounts to an eight-day extension of time does not prejudice Plaintiff in any way.

This is the first application for an extension of time to respond to Plaintiff's May 29, 2024 letter. Defendants reached out to Plaintiff to discuss this application and seek her consent for same. In response, Plaintiff states that because she merely feels that Defendants "don't need 12 days to figure out a response," she will only consent to an extension until the "middle of next week." At best, that affords Defendants an additional two business days.

For all of the foregoing reasons, Defendants respectfully request that their application for an extension be granted.

We thank the Court for its continued courtesies.

SO ORDERED:
/s/ Andrew L. Carter
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

June 3, 2024
New York, NY

Respectfully submitted,

Aaron N. Solomon
Amanda B. Slutsky