UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GINA MARIN, on behalf of herself and
all others similarly situated,                                    Civil Action No.:
                                                                          1:24-cv-01340(ALC)
                          Plaintiff,

     -against-


310 BOWERY GROUP, LLC d/b/a 310 BOWERY BAR and
EPSTEIN'S BAR, LLC d/b/a 82 STANTON BAR, and
RICHARD AURIGEMMA

                          Defendants.
------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT IV OF THE COMPLAINT ALLEGING VIOLATIONS OF THE WAGE THEFT PREVENTION ACT <u>FOR LACK OF SUBJECT-MATTER JURISDICTION</u>

**KAUFMAN DOLOWICH LLP**
Attorneys for Defendants 310 Bowery
Group, LLC d/b/a 310 Bowery Bar and
Epstein's Bar, LLC d/b/a 82 Stanton Bar,
and Richard Aurigemma

Aaron N. Solomon, Esq.
On the brief: Alisha Talati, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ..........................................................................................................................2

POINT I
STANDARD OF REVIEW ....................................................................................................2

POINT II
DISMISSAL OF PLAINTIFF'S WTPA CLAIMS IS WARRANTED FOR LACK OF
ARTICLE III STANDING .....................................................................................................3

A.     The WTPA ...................................................................................................................3
B.     The Alleged WTPA Statutory Violations Caused No "Concrete Harm" to Plaintiff
        Because Such Technical Violations Do Not Constitute An "Injury-In-Fact" .....................4
C.     Plaintiff Cannot Establish Standing by Arguing That She Was Deprived of Her
        Ability to Pursue Full Payment of Wages Because She Did Not Receive a Wage
        Notice or Proper Wage Statements ........................................................................................6

POINT III
CONCLUSION ........................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases** **Page**

*Brady v. N.Y. Yankees P'ship*,
486 Fed. Appx. 894, 895 (2d Cir. 2012)...................................................................................3

*California v. Texas,*
141 S. Ct. 2104, 2113 (2021).................................................................................................2,7

*Carter v. HealthPort Tech., LLC*,
822 F. 3d 47, 57 (2d Cir. 2016) ................................................................................................3

*Chen v. Lilis 200 West 57th Corp.*,
2023 WL 2388728 (S.D.N.Y. March 7, 2023) .....................................................................6,7

*Davis v. FEC*,
554 U.S. 724, 732, (2008) .........................................................................................................4

*Deng v. Frequency Elecs., Inc.*,
No. 21-cv-6081, 2022 U.S. 2022 WL 16923999 (E.D.N.Y. Nov. 14, 2022) ...................5

*Francisco v. NY Tex. Care, Inc.*,
2022 WL 900603 (E.D.N.Y. March 28, 2022) .......................................................................5

*Garrido v. House of Salads One LLC*,
No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) .........................................5

*Lujan v. Defs. of Wildlife*,
504 U.S. 555, 560 (1992)..........................................................................................................4

*Malik v. Meissner*,
82 F.3d 560, 562 (2d Cir. 1996) ..............................................................................................3

*Marakova v. United States*,
201 F.3d 110, 113 (2d Cir. 2000).............................................................................................2

*Quieju v. La Jugueria Inc.*,
2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) ........................................................................5

S*hi v. TL & CG Inc.*,
2022 WL 2669156 (S.D.N.Y. July 11, 2022) .........................................................................6

*Sevilla v. House of Salads One LLC*,
2022 WL 954740 (E.D.N.Y. Mar. 30, 2022)...........................................................................5

*Spokeo, Inc. v. Robins*,
578 U.S. 330, 338, (2016) ..................................................................................................5

*Sudilovskiy v. City WavCorp.*,
2022 WL 4586307 (E.D.N.Y. Sept. 29, 2022) ...................................................................8

*Town of Chester, N.Y v. Laroe Ests., Inc.*,
581 U.S. 433 (2017) ...........................................................................................................4

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190, 2205 (2021) .............................................................................................5

*Trichell v. Midland Credit Mgmt., Inc.*,
964 F.3d 990, 1004 (11th Cir. 2020) .................................................................................5

**Statutes**

Fed. R. Civ. P. 12(b)(1)..............................................................................................1,2,3,8

New York Labor Law .............................................................................................................1

NYLL §§ 195(1) ................................................................................................................1,3,5,8

NYLL §§ 195(3) ................................................................................................................3,4,5,8

Rule 12(b)(1) ......................................................................................................................3

## **PRELIMINARY STATEMENT**

Defendants, 310 Bowery Group, LLC d/b/a 310 Bowery Bar ("310 Bowery"), Epstein's Bar LLC d/b/a 82 Stanton Bar ("82 Stanton"), and Richard Aurigemma (collectively, the "Defendants"), by and through their counsel, Kaufman Dolowich LLP, respectfully submit this Memorandum of Law in support of their Motion to Dismiss Count IV of Plaintiff Gina Marin's ("Plaintiff") Complaint (the "Complaint") for lack of subject-matter jurisdiction (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(1).

In addition to claims asserted under the Fair Labor Standards Act, Plaintiff alleges that she, as well as a class comprised of servers, bartenders, barbacks, runners, and bussers who worked and/or work at 310 Bowery and 82 Stanton (the "Class"), were subjected to various violations of the New York Labor Law (the "NYLL").

Specifically, in Count IV of the Complaint, Plaintiff contends that Defendants failed to provide the Class and her with a wage notice at the time of their hire, and appropriate wage statements pursuant to NYLL §§ 195(1) and (3), respectively (the "WTPA Claims").

However, Plaintiff lacks standing under Article III of the U.S. Constitution to bring the WTPA Claims because she does not allege that she or the Class suffered an "injury-in-fact" that is "concrete" and "real."

Specifically, Plaintiff alleges that Defendants did not "give any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information." *See* Declaration of Aaron N. Solomon at Exhibit "A" (hereinafter "Compl.") at ¶ 51. Plaintiff further claims that Defendants did not at any point give her any written wage notice or proper wage statements. Compl. at ¶¶ 28, 31, 32.

Plaintiff's claim that Defendants' alleged failure to provide a wage notice and proper wage statements made her unaware that she was "being paid less than she was entitled to," and, consequently, deprived her of the ability to "pursue full payment of wages," does not satisfy her heavy burden to establish standing. Compl. at ¶¶ 28, 31, 32.

Plaintiff's claim only offers conjecture and speculation about what *might* have happened because she did not receive a wage notice or proper paystubs. Such lack of notice did not result in a "fairly traceable injury." *See California v. Texas* 141 S. Ct. 2104, 2113 (2021). For example, even if Plaintiff did receive such notice, it would only inform her about her rate of pay. It would not arm her with the ability to ascertain if she was paid the correct minimum wage or the correct tip credit. Moreover, it would not educate Plaintiff about the specific legal requirements associated with the use of the tip credit. This litigation cannot adjudicate any alleged injury based upon what "might have" happened.

The jurisdiction of this Court is limited. The burden Plaintiff must satisfy to demonstrate standing is a heavy one. The speculative chain of possibilities Plaintiff offers here "is not what the Supreme Court means by an injury fairly traceable to the allegedly unlawful conduct." *See California*, *v. Texas* at 2113 (2021). Therefore, Defendants respectfully submit that Count IV of the Complaint must be dismissed, with prejudice, for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).

**ARGUMENT**

**I.      STANDARD OF REVIEW**

Dismissal of a cause of action is warranted under Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction when a District Court "lacks the statutory or constitutional power to adjudicate it." *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Plaintiff bears the burden of

2

proving subject matter jurisdiction "by a preponderance of the evidence that it exists." *Id.;* citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). Moreover, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Brady v. N.Y. Yankees P'ship*, 486 Fed. Appx. 894, 895 (2d Cir. 2012).

Second Circuit precedent authorizes Rule 12(b)(1) motions to be decided either based on the four corners of the pleadings or in reliance on evidence beyond the pleadings. *Carter v. HealthPort Tech., LLC*, 822 F. 3d 47, 57 (2d Cir. 2016).

## II. DISMISSAL OF PLAINTIFF'S WTPA CLAIMS IS WARRANTED FOR LACK OF ARTICLE III STANDING

### A. The WTPA

Pursuant to the Wage Theft Prevent Act ("WTPA"), which is part of the NYLL, employers are required to provide wage notices to employees at time of hire and wage statements with each payment of wages *See* NYLL §§195(1), (3). The WTPA sets forth various information required to be featured on wages notice and wage statements, respectively.

NYLL § 195(1) requires employers provide employees with a notice:

> "in English and in the language identified by each employee as the primary language of such employee… [stating, *inter alia*] the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any claims as part of the minimum wage, including tip, meals , or lodging allowances…the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer…"

*See* NYLL § 195(1).

3

NYLL § 195(3) requires employers to provide employees with wage statements with every payment of wages containing the following information:

> "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage…"

*See* NYLL § 195(3).

**B.  The Alleged WTPA Statutory Violations Caused No "Concrete Harm" to Plaintiff Because Such Technical Violations Do Not Constitute An "Injury-In-Fact"**

Article III of the U.S. Constitution limits the jurisdiction of federal courts to the resolution of "Cases" and "Controversies." *Town of Chester, N.Y v. Laroe Ests., Inc*., 581 U.S. 433 (2017), *citing Const.* § 2, cl. 1; *Davis v. FEC*, 554 U.S. 724, 732, (2008). "That restriction requires that the party invoking federal jurisdiction have standing—the personal interest that must exist at the commencement of the litigation." *Id.*

The "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016), *citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff must show that he has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 578 U.S. at 339, *quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

4

The United States Supreme Court in *TransUnion LLC v. Ramirez* 141 S. Ct. 2190, 2205 (2021) "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), *quoting Spokeo, Inc. v. Robins*, 578 U.S. at 341. "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* Even where a statute entitles a person to certain information, a deprivation of information (i.e. an "informational injury"), without more is not enough to establish standing. *Id.* at 2214 ("An asserted informational injury that causes no adverse effects cannot satisfy Article III."), *quoting Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020).

Since the Supreme Court's decision in *TransUnion*, Courts in the Second Circuit repeatedly dismiss claims that seek statutory penalties for alleged violations of NYLL § 195(1) and NYLL § 195(3).because these claims are nothing more than "informational injuries" arising from the failure to provide employees with a wage notice on hire and weekly wage statements stating certain information. *See, e.g., Deng v. Frequency Elecs., Inc.*, No. 21-cv-6081, 2022 U.S. 2022 WL 16923999, at *8 (E.D.N.Y. Nov. 14, 2022); *Garrido v. House of Salads One LLC*, No. 20-cv-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022). These courts have recognized that WTPA claims are technical statutory violations which do not result in "a tangible injury or something akin to a traditional cause of action" necessary to sustain Article III standing. *Francisco v. NY Tex. Care, Inc.*, 2022 WL 900603 at *7 (E.D.N.Y. March 28, 2022); *Sevilla v. House of Salads One LLC*, 2022 WL 954740 at *7 (E.D.N.Y. Mar. 30, 2022) (dismissing WTPA claim for lack of Article III standing where concrete harm was neither plead nor evidenced); *Quieju v. La Jugueria Inc.*, 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) (dismissing wage notice and wage statement claims for lack of

standing); *Chen v. Lilis 200 West 57th Corp.*, 2023 WL 2388728 at *7 (S.D.N.Y. March 7, 2023) ("Courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation.); S*hi v. TL & CG Inc.*, 2022 WL 2669156 at *8-9 (S.D.N.Y. July 11, 2022) (dismissing wage notice and statement claims)

As discussed below, the alleged violations are technical and non-material. Plaintiffs fail to allege anything remotely resembling a "concrete harm," And, as such, Plaintiff lacks Article III standing.

### C.  Plaintiff Cannot Establish Standing by Arguing That She Was Deprived of Her Ability to Pursue Full Payment of Wages Because She Did Not Receive a Wage Notice or Proper Wage Statements

Plaintiff's claim that the failure to provide a wage notice and proper wage statements foreclosed her ability to ascertain that Defendants' use of the tip credit was unlawful, and consequently deprived her of the capability to "pursue full payment" of wages does not confer standing. Compl. at ¶¶ 28, 31, 32.

In the analogous case of *Quieju v. La Jugueria Inc.*, 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) the Court held that the exact claim that Plaintiff pleads here is essentially founded on the presumption that *if* defendants gave her wage notices and wage statements, "those documents *would have* informed [Plaintiff] that [she] was not being paid [her] required wages. Enlightened by that knowledge, [Plaintiff] then *would have* demanded [her] required wages. Having made such a demand, defendants *would have* then paid [Plaintiff] [her] required wages, and [Plaintiff] *would have* avoided the injury [she] suffered by the failure to properly pay [her]." *See Quieju*, 2023 WL 3073518, at *2. The Court ultimately held that this *"*speculative chain of

6

possibilities" "is not what the Supreme Court means by an 'injury fairly traceable to the allegedly unlawful conduct.'" *See Id. quoting California v. Texas* at 2113 (2021). In its penetrating analysis, the Court noted that the defendant's alleged failure to provide notices could have played out in any number of ways:

> "Who knows what would have happened had defendants given plaintiff the required documents? Even if plaintiff had read such forms (which is itself speculation), the form would likely have confirmed the amount of money he actually received while working for defendants. These forms don't tell the employee what the minimum wage is, or that overtime and spread of hours are required by law. Maybe the chain of events would have unfolded the way plaintiff implicitly assumes, but there is no reason to think so."

*Id.*

Establishing standing is a heavy burden and the speculation, hypothesizing, and conjecture advanced by Plaintiff here is not good enough. *See Id.* ("Article III requires more than speculation and conjecture about what would have happened if several contingencies – none of which seem particularly likely – had materialized."). After all, if Plaintiff received a wage notice and proper wage statements, these documents would not tell her what the lawful minimum wage is, what the appropriate tip credit is, or the lawful differential between the two. Nor would they educate her about the requirements her employer would need to satisfy under the New York State Department of Labor's Hospitality Industry Wage Order to be entitled to use the tip credit. In fact, a Court in this District squarely held that standing does not exist even if the lack of proper wage statements and a wage notice "obscured" an employer's improper retention of the tip credit. *See Chen*, 2023 WL 2388728, at *8.

Even if Plaintiff speculatively argues that the underpayment here resulted from Defendants' alleged failure to *notify* Plaintiff about the use of the tip credit (*i.e.* to provide information), there is still no way to ascertain, let alone adjudicate, what would have happened, or what Plaintiff would

7

have done, because no notification occurred. *Sudilovskiy v. City WavCorp.*, 2022 WL 4586307 at *5 (E.D.N.Y. Sept. 29, 2022) (plaintiff's wage notice and wage statement claims were dismissed where "[t]he pleading in the case at bar [was] devoid of any allegation that the wage underpayment *would not* have occurred, or *would have* been reduced, had plaintiffs received a proper wage notice or wage statements.") (emphasis added).

As such, it is respectfully submitted that Count IV of the Complaint alleging violations of NYLL §195(1) and NYLL § 195(3) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Count IV of the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and award such other and further relief as the Court deems appropriate.

Dated: Woodbury, New York
      August 15, 2024

Respectfully submitted,
**KAUFMAN DOLOWICH LLP**

By: _____

Aaron N. Solomon
*Attorney for Defendants 310 Bowery Group, LLC d/b/a 310 Bowery Bar and Epstein's Bar, LLC d/b/a 82 Stanton Bar, and Richard Aurigemma*
