UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA MARIN, on behalf of herself and all other similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>310 BOWERY GROUP, LLC d/b/a 310 BOWERY BAR and EPSTEIN'S BAR, LLC d/b/a 82 STANTON BAR, and RICHARD AURIGEMMA,<br><br>        Defendants. | 24-cv-01340(ALC)(SLC) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT IV OF THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff, proposed FLSA collective, and proposed class*

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. STATEMENT OF FACTS .................................................................................................. 2

III. ARGUMENT ....................................................................................................................... 3

    A. Relevant Legal Standards ............................................................................................ 3

        i. The New York Wage Theft Prevention Act and Hospitality Industry Wage Order ......... 3

        ii. Motions to Dismiss Under Rule 12(b)(1) ........................................................... 3

    B. Plaintiff Has Standing To Pursue Her NYLL § 195 Claims ................................................. 5

        i. Plaintiff has alleged that Defendants' failure to provide wage notices and wage statements directly caused her to be underpaid ............................................................... 6

        ii. Plaintiff has standing because Defendants' NYLL § 195(1) and NYLL § 195(3) violations hindered her ability to identify and remedy Defendants' wage and hour violations ....................................................................................................................... 8

    C. If The Wage Statement Claim Is Dismissed, It Should Be Dismissed Without Prejudice 11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Bueno v. Buzinover*, No. 22 Civ. 2216,
    2023 U.S. Dist. LEXIS 38154 (S.D.N.Y. Mar. 7, 2023)..........................................5, 10

*Chapman v. City Winery NY*, No. 23 Civ. 2778,
    2023 U.S. Dist. LEXIS 213391 (S.D.N.Y. Nov. 30, 2023)……………………..…..5, 11

*Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22 CV 6136,
    2023 U.S. Dist. LEXIS 124589 (E.D.N.Y. July 18, 2023) ......................................5, 10

*Daly v. Citigroup Inc.,* 939 F.3d 415, 425 (2d Cir. 2019)……………………………..3

*Harty v. West Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022)..................................................9

*Imbarrato v. Banta Mgmt. Servs.*, No. 18 CV 5422, 2020 U.S. Dist. LEXIS 49740,
    2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020) ...............................................................10

*Isayeva v. Braces,* No. 22 Civ. 4575,
    2024 U.S. Dist. LEXIS 41769 (S.D.N.Y. Mar. 11, 2024)…………………………..6, 7, 8

*John v. Whole Foods Mkt. Grp., Inc.,* 858 F.3d 732 (2d Cir. 2017)…………………...…1, 5

*Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114 (2d Cir. 2017) ...................................11

*Kaur v. Natahsa Access, Ltd.,* No. 23 CV 6948,
    2024 U.S. Dist. LEXIS 127326 (S.D.N.Y. July 16, 2024)……………………….…8

*Kelly v. Realpage Inc.*, 47 F.4th 202 (3d Cir. 2022)..............................................................9

*Lipstein v. 20X Hosp. LLC*, No. 22 CV 4812, 2023 U.S. Dist. LEXIS 167615,
    2023 WL 6124048 (S.D.N.Y. Sept. 19, 2023) ........................................................5, 8

*Lopez v. MNAF Pizzeria, Inc.,* No. 18 CV 6033,
    2021 U.S. Dist. LEXIS 57260 (S.D.N.Y. Mar. 25, 2021)…………………………..3

*Lubinski v. Johnson Controls, Inc.,* No. 23 CV 2825,
    2024 U.S. Dist. LEXIS 119705 (S.D.N.Y. July 9, 2024)……………………….8

*Makarova v. United States,* 201 F.3d 110 (2d Cir. 2000)…………………………………..4

*Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58 (2d Cir. 2021)………………….4

*Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740,
    2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022)........................................5, 6, 7

*Metcalf v. TransPerfect Translations Int'l, Inc.,* No.19 Civ. 10104,
    2023 U.S. Dist. LEXIS 54340 (S.D.N.Y. Mar. 29, 2023)……………………………….8, 11

*Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440 (1989)...............................................8

*Rathod v. Wellington Physical Therapy & Acupuncture PLLC,* No. 23 CV 3276,
    2024 U.S. Dist. LEXIS 106217 (S.D.N.Y. June 13, 2024…………………………….8, 11

*Ross v. Bank of Am., N.A.,* 524 F.3d 217 (2d Cir. 2008)……………………………………1

*Salustio v. 106 Columbia Deli Corp.,* 264 F. Supp. 3d 540 (S.D.N.Y. 2017)……………….3

*Santamaria v. Vee Techs., Inc.,* No. 22 CV 4472,
    2024 U.S. Dist. LEXIS 51588 (S.D.N.Y. Mar. 21, 2024)…………………………...8, 11

*Shiqiang Gao v. Sushi, No. 18-CV-06439,*
    2023 U.S. Dist. LEXIS 17269 (S.D.N.Y. Jan. 31, 2023)……………..…………...…..3

*Spokeo, Inc. v. Robins,* 578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)……….…4

*Sprague v. T.C. Inn, No. 19 CV 1263,*
    2021 U.S. Dist. LEXIS 153528 (N.D.N.Y. Aug. 16, 2021)………………….....…….6

*Thompson v. Elev8 Ctr. N.Y., LLC*, No. 20 CV 9581,
    2023 U.S. Dist. LEXIS 122504 (S.D.N.Y. July 17, 2023)…………………..………..8

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)...........................................................4,5,6,9

*Villanueva v. 179 Third Ave. Rest. Inc*., 500 F. Supp. 3d 219 (S.D.N.Y. Sept. 3, 2020)…….3

*WC Capital Mgmt., Ltd. Liab. Co. v. UBS Sec., Ltd. Liab. Co.,*
    711 F.3d 322 (2d Cir. 2013)………………….....................................................……1

**Statutes**

Fed. R. Civ. P. 12……………………………………………………………………….*passim*

N.Y. Lab. L. § 195..................................................................................................................*passim*

12 NYCRR § 146-1.3………………………………………………………………...……3

12 NYCRR § 146-2.2……………………………………………………………………..3

## I.     PRELIMINARY STATEMENT[1]

Defendants' motion to dismiss Plaintiff's N.Y. Lab. L. § 195 claims for lack of standing should be denied because Plaintiff has alleged a cognizable injury-in-fact. The Second Circuit has repeatedly described the injury-in-fact requirement as having "a low threshold,"[2] and Plaintiff has clearly met that threshold here. Plaintiff's Complaint alleges that Defendants violated N.Y. Lab. L. § 195(1), (3) by failing to provide Plaintiff with a wage notice when she was first hired and failing to provide her with wage statements (*i.e.*, paystubs) that indicated that Defendants were taking a tip credit from Plaintiff's wages. This injured Plaintiff in two distinct ways. First, Plaintiff has suffered a straightforward economic injury – Plaintiff alleges she was underpaid as a result of Defendants' failure to provide her with a wage notice as such notices are a prerequisite to an employer taking a tip credit under New York State law. As a result of this failure, Plaintiff was paid less than she was owed. Second, Defendants' failure to tell Plaintiff that they were taking a credit from her wages in either a wage notice or wage statements deprived Plaintiff of information to which she was entitled and would have used for its statutory purpose of determining and seeking the compensation to which she was entitled. It is well established that both these types of injuries confer Article III standing.

Finally, it is worth highlighting that every single case Defendants cite in their brief where courts dismissed such claims for lack of standing involved situations where the plaintiffs' complaints did not contain *any* allegations of harm as a result of N.Y. Lab. L. § 195 violations. Accordingly, those cases are completely inapposite to the instant case where Plaintiff's Complaint

---

[1] With this memorandum of law, Plaintiff submits the August 29, 2024 declaration of Josef Nussbaum and exhibits annexed thereto ("Ex. [Number]").
[2] *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (citing *WC Capital Mgmt., Ltd. Liab. Co. v. UBS Sec., Ltd. Liab. Co.*, 711 F.3d 322, 329 (2d Cir. 2013); *Ross v. Bank of Am., N.A.*, 524 F.3d 217, 222 (2d Cir. 2008)).

1

clearly alleges she was injured by the violations. For all these reasons, Defendant's motion should be denied.

## II. STATEMENT OF FACTS

This is a class and collective wage and hour action brought by Plaintiff Gina Marin, who worked as a server at 310 Bowery Bar and 82 Stanton Bar. *See* Complaint ("Compl.") at Dkt. No. 1, ¶ 3. Plaintiff—who was paid by Defendants pursuant to a tip credit minimum wage—alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and/or New York law by (1) unlawfully forcing tipped employees to share their tips with the bars' general manager, (2) paying tipped employees pursuant to a tip credit without providing the notice required under New York law; (3) failing to provide tipped employees with the wage notices and wage statements required under New York law, and (4) retaliating against Plaintiff by reducing her working hours in response to her complaint about wage and hour violations at the bars. *Id*. ¶¶ 23-37.

Relevant to this motion, Plaintiff alleges that Defendants violated N.Y. Lab. L. § 195(1) by failing to provide her with a wage notice detailing how she was being paid when she was first hired and N.Y. Lab. L. § 195(3) by failing to provide her with wage statements that listed the tip credit allowances Defendants took from Plaintiff's wages. *Id*. ¶¶ 27-28, 31-32. Plaintiff alleges that she was harmed by these violations in two ways. First, she alleges that "[b]ecause Defendants did not provide [her] with a written wage notice that included notice of the tip credit, Defendants' use of a tip credit was an underpayment of wages. In other words, the N.Y. Lab. L. § 195 violations resulted in Plaintiff being paid less than she was entitled to." *Id*. ¶ 28. Second, Plaintiff alleges that Defendants' failure to give her appropriate notice of the tip credit and wages statements that informed Plaintiff that a tip credit was being applied caused her to be "unaware that she was

2

illegally being paid pursuant to a tip credit and [she] did not pursue full payment until the instant lawsuit." *Id.* ¶ 32.

### III. ARGUMENT

#### A. Relevant Legal Standards

##### i. The New York Wage Theft Prevention Act and Hospitality Industry Wage Order

The New York Wage Theft Prevention Act ("WTPA") establishes statutory notice and record-keeping requirements under the NYLL. In particular, the WTPA "requires employers to provide annual wage notices to employees […], and to provide each employee with accurate wage statements each time wages are paid." *Shiqiang Gao v. Sushi*, No. 18-CV-06439, 2023 U.S. Dist. LEXIS 17269, at *16-17 (S.D.N.Y. Jan. 31, 2023) (Carter J.) (citing N.Y. Lab. Law § 195). N.Y. Lab. L. § 195(1), (3) require that employers provide employees with wage notices at the time of hire and wage statements with each payment of wages that all identify any allowances claimed as part of the minimum wage, such as a tip credit. Crucially, such written notice of the tip credit is a prerequisite to the lawful use of a tip credit. 12 NYCRR §§ 146-1.3, 146-2.2. If an employer pays employees pursuant to a tip credit without provided written notice, its use of the tip credit is an unlawful underpayment. *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 554 (S.D.N.Y. 2017) (citations omitted); *see also, e.g.*, *Tecocoatzi-Ortiz v. Just Salad LLC*, No. 18 CV 7343, 2022 U.S. Dist. LEXIS 34090, at *23-27 (S.D.N.Y. Feb. 25, 2022); *Lopez v. MNAF Pizzeria, Inc.*, No. 18 CV 6033, 2021 U.S. Dist. LEXIS 57260, at *21-24 (S.D.N.Y. Mar. 25, 2021); *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 234-35 (S.D.N.Y. Sept. 3, 2020).

##### ii. Motions to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a claim for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1); *see also Daly v. Citigroup Inc.*, 939

3

F.3d 415, 425 (2d Cir. 2019) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." (internal quotation marks omitted) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To bring a case or controversy within the subject matter jurisdiction of federal courts, a plaintiff must have standing under Article III of the Constitution, which requires a "personal stake in the case." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (internal quotation marks and citation omitted).

Article III standing requires a plaintiff to show "[i] an injury in fact, [ii] a causal connection between that injury and the conduct at issue, and [iii] a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal quotation marks omitted)). Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Fac*. v. *New York Univ.*, 11 F.4th 68, 76 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 561). Defendants' motion addresses only the first element — the existence of a cognizable injury-in-fact.

"To demonstrate injury-in-fact, a plaintiff must show the invasion of a [i] legally protected interest that is [ii] concrete and [iii] particularized and [iv] actual or imminent, not conjectural or hypothetical." *Maddox*, 19 F.4th at 62 (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016)). In *TransUnion*, the Supreme Court expounded on Article III's requirement that a "plaintiff's injury in fact be 'concrete' — that is, 'real, and not abstract.'" 594 U.S. at 424 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540, 194 L. Ed. 2d 635

4

(2016)). Tangible harms, including "monetary harms," are among those that "readily qualify as concrete injuries under Article III." *Id.* at 425. "'[A]llegations' that go 'beyond asserting a bare statutory violation and sufficiently allege concrete har' resulting from 'the underpayment of wages' pass muster because 'monetary injury is a concrete harm sufficient for purposes of Article III standing.'" *Id*. (quoting *Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740, 2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022)). Significantly, the Second Circuit has "repeatedly described" the injury-in-fact requirement as having "a low threshold[.]" *John*, 858 F.3d at 736 (citations omitted).

## B.  Plaintiff Has Standing To Pursue Her NYLL § 195 Claims

Several courts in this Circuit have held that the failure to provide the statutorily required notices and wage statements is, standing alone, "a concrete and particularized injury sufficient to confer standing[.]" *Bueno v. Buzinover*, No. 22 Civ. 2216,, 2023 U.S. Dist. LEXIS 38154, at *5 (S.D.N.Y. Mar. 7, 2023); *see also*, *e.g.*, *Cuchimaque v. A. Ochoa Concrete Corp.*, No. 22 CV 6136, 2023 U.S. Dist. LEXIS 124589, at *14, 16-17 (E.D.N.Y. July 18, 2023). As such, the Court can find standing on this basis alone. However, to the extent this Court requires a greater showing, Plaintiff has standing because Defendants' violations of N.Y. Lab. L. § 195 caused her two types of concrete injuries. First, Defendants' violation of N.Y. Lab. L. § 195(1) caused Plaintiff to be underpaid. Second, Defendants' violations of N.Y. Lab. L. § 195(1), (3) both deprived Plaintiff of information to which she statutorily entitled, which impaired her ability to assess whether she was being properly paid and take remedial action. *See TransUnion*, 141 S. Ct. at 2204; *Lipstein v. 20X Hosp. LLC*, No. 22-cv-04812, 2023 U.S. Dist. LEXIS 167615, at *25 (S.D.N.Y. Sept. 19, 2023); *Chapman v. City Winery NY*, No. 23 Civ. 2778, 2023 U.S. Dist. LEXIS 213391, at *5-8 (S.D.N.Y.

Nov. 30, 2023). Accordingly, Plaintiff has standing to pursue her NYLL § 195 claims, and the motion to dismiss should be denied.

### i. Plaintiff has alleged that Defendants' failure to provide wage notices and wage statements directly caused her to be underpaid

Plaintiff's allegation that Defendants' N.Y. Lab. L. § 195(1) violation caused her to be underpaid is a monetary harm that confers standing. There is no question that a monetary harm is an injury-in-fact for Article III standing purposes. *TransUnion LLC*, 141 S. Ct. at 2204. Accordingly, a plaintiff has standing to pursue an N.Y. Lab. L. § 195 claim where the N.Y. Lab. L. § 195 violation was a cause of an underpayment of wages. *E.g.*, *Isayeva v. Braces*, No. 22 Civ. 4575, 2024 U.S. Dist. LEXIS 41769, at *48 (S.D.N.Y. Mar. 11, 2024); *Mateer*, 2022 U.S. Dist. LEXIS 125017, at *4-5). Defendants' failure to provide Plaintiff with a wage notice caused Plaintiff to be underpaid because it was this lack of notice that made Defendants' use of the tip credit an unlawful underpayment.

As outlined above, Defendants paid Plaintiff the tip credit minimum wage rather than the full New York minimum wage. Plaintiff alleges that Defendants violated N.Y. Lab. L. § 195(1) by failing to provide her with any wage notice. One of the requirements of N.Y. Lab. L. § 195(1) is that the wage notice state the amount of any tip credit the employer intends to take against the minimum wage. Because Defendants did not provide *any* written wage notices, they also did not provide written notice to Plaintiff of the tip credit that they in fact took. Moreover, as outlined above, under New York law, an employer may not use a tip credit unless it has provided written notice of the tip credit to an employee. *See supra* 3-4. In other words, the N.Y. Lab. L. § 195(1) violation is the very thing that made Defendants payment of the tip credit minimum wage an unlawful underpayment. *See, e.g., Sprague v. T.C. Inn*, No. 19 CV 1263, 2021 U.S. Dist. LEXIS 153528, at *15-19 (N.D.N.Y. Aug. 16, 2021) (finding that because the employer failed to provide

any NYLL § 195(1) notice, its use of the tip credit was an unlawful underpayment). To be sure, the Complaint explicitly alleges that the N.Y. Lab. L. § 195(1) violation caused her to be underpaid: "Because Defendants did not provide Plaintiff with a written wage notice that included notice of the tip credit, Defendants' use of a tip credit was an underpayment of wages." (Compl. ¶ 28.) Put another way, if Defendants had followed the law and provided Plaintiff with a valid wage notice, Defendants would not have underpaid her. Accordingly, Defendants' N.Y. Lab. L. § 195(1) violations caused a monetary harm. *See, e.g., Isayeva*, 2024 U.S. Dist. LEXIS 41769, at *47-48 ("Plaintiffs plausibly establish that [the NYLL § 195 violations] not only hindered Plaintiffs from realizing their rights at the time of payment, but also injured Plaintiffs by enabling the actual underpayment of their wages."); *Mateer*, 2022 U.S. Dist. LEXIS 125017, at *4 ("[T]he FAC alleges that Defendant's violation 'resulted in the underpayment of wages,' and monetary injury is a concrete harm sufficient for purposes of Article III standing.").

Defendants completely ignore these cases and, in their brief, cite only to cases where plaintiffs filed complaints that did not contain *any* allegations of harm as a result of N.Y. Lab. L. § 195 violations. *See* Defs.' Mem at 5-8. Indeed, every single case cited by Defendants in support of dismissal of NYLL § 195 claims involved a decision based on a complaint that merely alleged a technical violations and made no allegations of an injury, let alone the causal nexus required to find standing. *See, id*.; *see also* Nussbaum Decl. Exs. 1-7 (complaints filed in the cases cited by Defendants dismissing WTPA claims for lack of standing). Unlike the cases cited by Defendants, Plaintiff here plainly alleges that she was injured by the N.Y. Lab. L. § 195(1) violation because it caused her to be underpaid, and she thus has standing to pursue these claim based on those allegations.

### ii. Plaintiff has standing because Defendants' NYLL § 195(1) and NYLL § 195(3) violations hindered her ability to identify and remedy Defendants' wage and hour violations

Plaintiff also has standing for her N.Y. Lab. L. § 195(1), (3) claims because her Complaint alleges that Defendants' failure to identify the tip credit in her wage statements or a wage notice obscured the fact that she was unlawfully being paid pursuant to a tip credit and delayed her ability to pursue payments to which she was entitled. Compl. ¶¶ 31-32. Courts in this Circuit have repeatedly held that an employee has standing to pursue NYLL § 195 claims where, as here, the employer's failure to provide the statutorily required information "hindered [the employee's] ability to contest the wage and hour deficiencies to which he was subjected by [the] employer." *Lipstein*, 2023 U.S. Dist. LEXIS 167615, at *26; *see also*, *e.g.*, *Kaur v. Natahsa Access, Ltd.*, No. 23 CV 6948, 2024 U.S. Dist. LEXIS 127326, at *8-9 (S.D.N.Y. July 16, 2024); *Lubinski v. Johnson Controls, Inc.*, No. 23 CV 2825, 2024 U.S. Dist. LEXIS 119705, at *3-4 (S.D.N.Y. July 9, 2024); *Rathod v. Wellington Physical Therapy & Acupuncture PLLC*, No. 23 CV 3276, 2024 U.S. Dist. LEXIS 106217, at *11 (S.D.N.Y. June 13, 2024); *Santamaria v. Vee Techs., Inc.*, No. 22 CV 4472, 2024 U.S. Dist. LEXIS 51588, at *22-23 (S.D.N.Y. Mar. 21, 2024); *Isayeva*, 2024 U.S. Dist. LEXIS 41769, at *47; *Thompson v. Elev8 Ctr. N.Y., LLC*, No. 20 CV 9581, 2023 U.S. Dist. LEXIS 122504, at *21-22 (S.D.N.Y. July 17, 2023); *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19 Civ. 10104, 2023 U.S. Dist. LEXIS 54340, at *17-18 (S.D.N.Y. Mar. 29, 2023). This type of injury is sufficient to establish standing because it "implicate[s] the broader issue of a plaintiff's nonpayment or underpayment of wages, rather than a plaintiff's technical statutory entitlement to receive notices on any given cadence." *Isayeva*, 2024 U.S. Dist. LEXIS 41769, at *48; *see also*, *e.g.*, *Rathod*, 2024 U.S. Dist. LEXIS 106217, at *11 (finding that an allegation that N.Y. Lab. L. § 195 violations prevented a plaintiff from identifying and challenging wage underpayments is a

"monetary harm" that supports standing). Accordingly, Plaintiff has standing to pursue her N.Y. Lab. L. § 195(1), (3) claims.

These cases are entirely consistent with Supreme Court precedent, including *TransUnion*. The Supreme Court has long held that the withholding of information required to be provided under the law can establish standing. *E.g., Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440 (1989); *FEC v. Akins*, 524 U.S. 11 (1998). In *TransUnion*, the Supreme Court continued to recognize that an informational injury is a harm that can give rise to standing, although the Court determined that under the circumstances of that case there was no informational injury. 141 S. Ct. at 2214. The Third Circuit has correctly observed that *TransUnion* did not meaningfully change the standing analysis for informational injuries. *Kelly v. Realpage Inc.*, 47 F.4th 202, 213 (3d Cir. 2022) ("[T]he Court did not amend the informational injury doctrine in *TransUnion*; rather, it simply applied its prior precedent and determined that two critical requirements for establishing an informational injury were lacking[.]"). Post-*TransUnion*, the Second Circuit has explained that a plaintiff alleging an informational injury based on the withholding of information "must allege downstream consequences from failing to receive the required information in order to have an Article III injury-in-fact. In other words, [a plaintiff] must show that he has an interest in using the information beyond bringing his lawsuit." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 444 (2d Cir. 2022) (cleaned up); *see also Kelly*, 47 F.4th at 213 ("[A] plaintiff seeking to assert an informational injury must establish a nexus among the omitted information to which she has entitlement, the purported harm actually caused by the specific violation, and the 'concrete interest' that Congress identified as 'deserving of protection' when it created the disclosure requirement.").

Plaintiff here had such an interest. N.Y. Lab. L. § 195 was enacted as part of the WTPA. *Imbarrato v. Banta Mgmt. Servs.*, No. 18 CV 5422, 2020 U.S. Dist. LEXIS 49740, at *21 (S.D.N.Y. Mar. 20, 2020). The purpose of the WTPA was

> to further protect an employee's concrete interest in being paid what he or she is owed under the NYLL. The statute explicitly recognizes that this interest is put at risk when employees are mis- or un-informed regarding their rights and the responsibilities of their employers, and seeks to guard against that harm by requiring employers to regularly apprise their employees of such information as the rate and basis of their wages and any allowances claimed by the employer.

*Id.* at *22-23 (internal quotation marks omitted); *see also Cuchimaque*, 2023 U.S. Dist. LEXIS 124589, at *16 ("[T]he WTPA's wage notice and wage statement provisions are intended to serve as safeguards of employees' broader interest in being paid the wages they earned."); *Bueno*, 2023 U.S. Dist. LEXIS 38154, at *5. Consistent with this purpose, Plaintiff alleges that Defendants' failure to inform her that they were paying her less than the minimum wage by providing her with appropriate wage statements and new-hire notices prevented her from "pursu[ing] full payment" of the underpaid wages sooner. (Compl. ¶ 32.) Contrary to Defendants' assertion, this is not a "speculative" harm. If Plaintiff had been informed that an allowance was being taken from her wages, she would have had all of the information she needed to decide whether and how to take action regarding that underpayment.[3]

In short, Defendant's N.Y. Lab. L. § 195 violations harmed Plaintiff by hindering her ability to use information to which she is entitled to for its statutorily intended purpose. In other words, Defendant's violation of N.Y. Lab. L. § 195 harmed Plaintiff by making it more difficult for her pursue her "concrete interest in being paid what […] she is owed[,]" and she thus has

---

[3] There rarely if ever is certainty about exactly what a person would do if she had information that she lacks, because her actions are dependent on the content of the missing information. As such, Defendant's arguments about the "speculative" nature of informational harms threaten to eliminate informational injuries as a basis for standing, which, as discussed herein, is contrary to well-established law.

10

standing to pursue those claims. *See, e.g., Chapman*, 2023 U.S. Dist. LEXIS 213391, at *5 ("[B]y failing to provide Plaintiff with wage statements identifying his actual hours worked, Defendant prevented Plaintiff from determining and seeking payment for his precise amount of unpaid hours. This allegation is sufficient to allege that Defendant's conduct harmed Plaintiff."); *Rathod*, 2024 U.S. Dist. LEXIS 106217, at *11 ("Rathod plausibly alleges that she suffered monetary harm because Defendants failed to provide accurate wage notices and statements, which hurt her ability to assess whether she was being properly paid and therefore promptly raise issues of underpayment with her employer."); *Metcalf*, 2023 U.S. Dist. LEXIS 54340, at *16 ("Plaintiffs here actually received inaccurate wage notices, which did not include a tabulation of hours and overtime, and which thereby prevented them from knowing whether, and to what extent, they had been underpaid during the nine-month period."); *Santamaria*, 2024 U.S. Dist. LEXIS 51588, at *22-23 (Plaintiff had standing to pursue N.Y. Lab. L. § 195 violations because "the fact that she wasn't advised that she was due overtime if she worked overtime hours – led to a concrete injury here.")

### C. If The Wage Statement Claim Is Dismissed, It Should Be Dismissed Without Prejudice

For the reasons discussed above, Plaintiff has standing to pursue her N.Y. Lab. L. § 195(3) claim. However, in the event that the Court dismisses the claim, the dismissal should be without prejudice so that Plaintiff may pursue the claim in state court. The Second Circuit has held that "when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice. As a result, where a case is dismissed for lack of Article III standing, . . . that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*." *Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 121 (2d Cir 2017) (cleaned up, emphasis in original). Accordingly, Defendants' request that any dismissal be *with* prejudice (Defs.' Mem. at 2) must be rejected as contrary to settled law.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion should be denied.

Dated: New York, New York
      August 29, 2024                           **JOSEPH & KIRSCHENBAUM LLP**

                                                   By:  s/ *Josef Nussbaum*
                                                        D. Maimon Kirschenbaum
                                                        Josef Nussbaum
                                                        32 Broadway, Suite 601
                                                        New York, New York 10004
                                                        (212) 688-5640

                                                   *Attorneys for Plaintiff, proposed FLSA Collective, and proposed Class*