UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA MARIN, on behalf of herself and all other similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>310 BOWERY GROUP, LLC d/b/a 310 BOWERY BAR, EPSTEIN BAR, LLC d/b/a 82 STANTON BAR, and RICHARD AURIGEMMA,<br><br>        Defendants. | 24-cv-01340 (SLC)<br><br>**DECLARATION OF JONATHAN PAUL RE NOTICE PROCEDURES** |

I, Jonathan Paul, declare as follows:

    1.    I am the CEO at Xpand Legal ("Xpand"), a class action settlement administrator that has been retained by the parties to serve as the Settlement Administrator for the settlement in the above referenced action. Xpand is located in Irvine, California. I am over 21 years of age and am not a party to this action. I am responsible for supervising the settlement services provided by Xpand for this matter. The facts set forth herein are true of my own personal knowledge and I am informed and believe them to be true. If called as a witness, I could and would competently testify thereto.

                               **I.    EXPERIENCE**

    2.    Xpand specializes in class action notification and claims administration, including telephone support and web-based support, direct mail services, claims processing, and settlement fund distribution. Xpand has extensive experience in class action matters, having provided services in class actions ranging in size from 17 to 350,000 Class Members. Attached hereto as **Exhibit A** is a true and correct copy of Xpand's CV, reflecting our primary competencies as they relate to class action settlement administration.

///

## II.  OVERVIEW OF XPAND LEGAL'S RESPONSIBILITIES

3. Xpand's responsibilities in administering the settlement in this action to date have included the following: (a) Establishing a Qualified Settlement Fund ("QSF"); (b) Mailing the Settlement Class Notice to Class Members; (c) Securing a post office box to which Class Members can send Requests for Exclusions, Objections and other communications; (d) Establishing a toll-free telephone number which provides Class Members with information about the proposed Settlement; and (e) calculating distribution amounts to Class Members in accordance with the Agreement.

## III.  CLASS NOTICE

4. In accordance with the Settlement Agreement, one of Xpand's primary responsibilities was to cause the Class Notice to be mailed to all known Class Members by first-class mail. On April 18, 2025, Xpand received from Defense Counsel a file containing 308 records, which contained the names, addresses, hours, tips, and SSNs for known Class Members. On April 25, 2025, Xpand received from Defense Counsel an updated file containing 275 as a result of removing 33 records from individuals who were inadvertently included in the prior list. As part of the preparation for mailing, Xpand ran all 275 records with a mailing address through the National Change of Address database (NCOA) and received updated addresses for 22 records. The addresses for all 22 records were updated prior to mailing. On May 8, 2025, Xpand mailed a Class Notice, Claim Form, and a Cover Letter to all 275 Class Members. True and correct copies of the mailed Class Notice, Claim Form, and Cover Letter are attached hereto as **Exhibit B**. As of July 8, 2025, 52 Notices have been returned as undeliverable, without a forwarding address. These records were sent out for skip-tracing, and updated addresses were received for 50 records. As such, 50 Notices were re-mailed and 2 Notices remain undeliverable.

## IV.  CLAIMANT COMMUNICATION

5. Xpand established Post Office Box 51570, Irvine, CA 92619 to receive written communication from Class Members, including correspondence, requests for exclusion or copies of written objections.

6. As of July 9, 2025, Xpand has received 64 Claim Forms.

7. As of July 9, 2025, Xpand has received zero timely requests for exclusion.

8. As of July 9, 2025, Xpand has received zero objections to the settlement.

9. The deadline for requesting exclusions and submit objections was July 7, 2025.

## V.   TELEPHONE SUPPORT

10. Xpand established a toll-free number to allow Class Members to call our agents and answer any questions or request more information.

11. On May 8, 2025, Xpand activated a toll-free number, 888-557-773, which allows Class Members to receive information and provide answers about the settlement, and allows Class Members to request a Class Notice.

12. As of July 9, 2025, Xpand has received no phone calls.

## VI.   CLASS LIST AND PRELIMINARY DISTRIBUTION CALCULATIONS

13. Xpand received the necessary information from Defendant for each Class Member, including their name, address, SSN, hours, and tips each Class Member worked during the Class Period. The Class List comprises 275 class members.

14. Per the Settlement Agreement, and subject to Court approval, Xpand will be deducting from the Maximum Settlement Amount of $750,000.00, attorneys' fees and costs in the amount of $250,000.00; a Class Representative service award in the amount of $10,000.00; and administration costs in an amount not to exceed $25,000.00. This will leave a Net Settlement Amount of $465,000.00 which will be distributed pursuant to the terms of the Settlement Agreement and the formulas agreed upon by the Parties.

15. The Net Settlement Fund will be divided by the aggregate number of points accrued by all Class Members to derive the Point Value.

16. The estimated total hours worked by the Class Members is 155,296. A total of 107 Class Members fall below the Alternative Minimum Benefit, amounting to $16,050.00. The distribution amount exceeding the Alternative Minimum Benefit is $448,950.00 with a total of 93,090 hours (points). The Point Value is $4.58.

17. The total estimated amount of the Net Settlement Fund allocated to the 64 claimants and the class representative who submitted valid Claim Forms is $287,978.66.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: July 10, 2025

_____
Jonathan Paul

**EXHIBIT "A"**

# XPAND

**ABOUT XPAND**

Xpand is a fast-growing legal administration firm. With over 20 years of industry experience, CEO, Jonathan Paul, leverages his subject matter expertise to ensure excellence is at the core of all we do. Starting his legal administration career as a Project Manager, he later advanced into positions such as Senior Vice President at one of the largest administrators in the country and President of Sales & Marketing for a long-standing boutique firm. He now works closely with the project and case teams to ensure best in class processes are followed.

COO, Tiffany Paul, comes with over a decade of experience at one of the largest consumer goods companies in the world. Coupled with the successful launch and scale of her own startups, Tiffany brings creative solutions to a field that has a tendency to be stuck in its ways and has improved dozens of processes during her tenure running legal administration projects.

The case management team has been involved in projects spanning several practice areas, including:

- Data Breach
- Consumer Protection
- Discrimination
- Mass Tort
- PAGA

- Personal Injury
- Product Liability
- Wage and Hour
- ERISA
- Antitrust

**ABOUT OUR STRATEGY**

Xpand's taking a fresh look at the processes and procedures that have dominated the legal administration space for decades and quickly finding there is plenty of opportunity to innovate.

We've partnered with industry leaders in HR, IT, printing, telecom, banking, and tax reporting to build solutions that meet the needs of any project. Whether it's a small wage & hour case in need of cost effective administration or a multi-tiered mass tort case in need of sophisticated implementation, Xpand has the solution. We spend the time understanding the clients' needs before deploying the right resources in as quickly as 24 hours, allowing law firms to continue their day to day without disruption.

# XPAND

**ABOUT OUR SERVICES**

Xpand is growing quickly and regularly adding services to our repertoire, but currently offers:

- Notification
- Project Management
- Print & Mail
- Call Center
- Legal Advertising
- Website Development
- Forms Processing
- Client Intake

- Address Location
- Data Management
- Qualified Settlement Fund (QSF) Management
- Fund Distribution
- Tax Reporting
- Medical Record Review
- Lien Resolution

**ABOUT OUR EXPERIENCE**

Some of the cases Xpand has managed:
- *Ramirez, et al. v. S&E Gourmet Cuts, Inc.*, Superior Court of California, County of San Bernardino, Case No. CIVSB2201247
- *Johnson v Investment Concepts*, Superior Court of CA, County of San Diego, Case No. 37-2022-00018300-CU-NP-CTL
- *Chavis v. Grocery Outlet*, Superior Court of California, County of Sacramento, Case No. 34-2021-00309003-CU-OE-GDS:
- *Busby v. Mission Loans, LLC, et al.*, Superior Court of California, County of Los Angeles, Case No. 23STCV07682
- *Barton v. United Development Group, Inc.*, Superior Court of CA County of SD, Case No. 37-2021-00039885-CU-OE-CTL
- *Fleschert v. Cedars-Sinai Medical Center*, Superior Court of California, County of Los Angeles, Case No. 19STCV05681
- *Cruz, et al. v. Los Compadres Restaurant, Inc.*, Superior Court of CA, County of Los Angeles
- *Aguero, et al. v. SR Long Beach FD, et al.*, Superior Court of CA, County of Los Angeles, Case No. BC650977
- *Arizmendi v. Diamond Environmental*, Superior Court of CA, County of San Diego, Case No. 37-2023-00051655-CU-OE-CTL
- *Ascencio v. Kumar Hotels*, Superior Court of CA, County of Tehama, Case No. 23C1-00020
- *Betancur v. Pride Conveyance Systems, Inc.*, Superior Court of CA, County of San Benito, Case No. CU-21-000022
- *Britton v. Rice Wings, LLC*, Superior Court of Washington, County of King at Kent, Case No. 23-2-09301-1 KNT
- *California Truck Centers*, Superior Court for the State of California, San Joaquin County Superior Court, Case No. STK-CV-UOE-2023-0006967
- *Calkins v. United Security*, Superior Court of CA, County of Los Angeles, Case No. 20STCV35391
- *Clayton v. Soho House, LLC, et al.*, Superior Court of CA, County of Los Angeles, Case No. 24SMCV02114
- *Flores v. JR & MRP*, Superior Court of CA, County of Los Angeles, Case No. 56-2021-00557205-CU-OE-VTA

# XPAND

- *Gatica-Castro v. Specialty Team Plastering, Inc.*, Superior Court of CA, County of Santa Barbara, Case No. 22CV01120
- *Guinto v. C&K Market*, Superior Court of CA, County of Siskiyou, Case No. SCCV-CVCV-2021-964
- *Hawkins, et al. v. Ontel Security Services, Inc.*, Superior Court of CA, County of Stanislaus, Case No. CV-20-005404
- *Horowitz v. Skywest Airlines, Inc.* United States District Court Northern District of CA – San Francisco, Case No, 21-CV-04674-MMC
- *Huffman v. K&M Casinos, Inc.*, Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960
- *Kaiser v. Equity Residencial Management*, Superior Court of CA, County of Los Angeles, Case No. 21STCV42487
- *Lambert v. Dual Diagnosis PAGA*, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. BC616149
- *Laninovich v. Bear Valley Springs*, Superior Court of CA for the County of Kern, Case No. BCV-21-102750-BCB
- *LaVia v. Curaleaf Holdings, Inc.*, Supreme Court of the State of NY, County of Nassau, Case No. 610309/2024
- *Lopez v. DH Long Point Management LLC*, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. 21STCV35029
- *Mayorga, et al. v. Qualawash Holding, LLC, et al.*, Superior Court of CA, County of Los Angeles, Case No. 23STCV00914 and 23NWCV00148
- *McLane v. GoPlus Corp*, Superior Court of CA, County of San Bernadino- Civil Division-Complex, Case No. C1VDS1819150
- *Mireles v. Lodi Memorial Hospital*, Superior Court of CA, County of San Joaquin, Case No.STK-CV-UOE-2020-0004458
- *Moreno, et al. v. Infiniti Group, LLC, et al.*, Superior Court of CA, County of San Bernadino, Case No. C1VSB2223551
- *Norfleet v. RevCore Recovery Center*, Supreme Court of the State of New York, Case No. 617754/2023
- *Norris v. CG Hospitality Group, Inc.*, Superior Court of CA, County of Los Angeles, Case No. 23STCV12946
- *Pascual v. Heritage on the Marina*, Superior Court of CA, County of San Francisco, Case No. CGC-23-607790
- *Pipich, et al. v. O'Reilly Auto Enterprises, LLC, et. al.*, United States District Cour for the Southern District of CA, Case No. 3:21-cv-00120-L-JLB
- *Sanchez v. JR Pierce Plumbing*, Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960-CU-OE-GDS
- *Sanchez v. MiTac Information Systems Corp., et al.*, Superior Court of CA, County of Alameda, Case No. 22CV005940
- *Santos v. Replanet Packaging*, Superior Court of CA, County of Tulare, Case No. VCU285878
- *Sim v. Maddox Resources, Inc.*, Superior Court of CA, County of Los Angeles, Case No. 22STCV20798
- *Sorensen v. P.F. Automotive*, Superior Court of CA, County of San Diego, Case No. 37-2023-0025169-CU-OE-CTL
- *Sproul v. IKEA*, Superior Court of CA, County of Kern, Case No. BCV-20-101600
- *Tellez v. Mercy Housing Management*, Superior Court of CA, County of Alameda, Case No. 23CV031003
- *Touch v. Cox Automotive*, United States District Court Eastern District of CA, Case No. 2:23-cv-09145-TLN-CSK
- *Trimmer, et al. v. Barclay Water Management, Inc.*, Supreme Court of the State of New York, New York County, Case No. 653139/24

# XPAND

- *Vasquez v. PJ Farm Labor, Superior Court of CA, County of Kings, Case No. 22C-0382*
- *Wolff v. Enterprise Fleet Management, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV16885*
- *Wright v. Home Box Office, Inc., et al, Superior Court of CA, County of Los Angeles, Case No. 21STCV19636*
- Mass Tort: Several medical device, pharmaceutical cases, natural disaster, fire and sexual abuse cases which are confidential.

# EXHIBIT "B"

# NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT AND FAIRNESS HEARING

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**TO: PERSONS WHO WORKED AS A TIPPED FOOD-SERVICE EMPLOYEE AT 310 BOWERY BAR AND/OR 82 STANTON IN MANHATTAN BETWEEN FEBRUARY 22, 2018 AND MAY 8, 2024.**

Based on information in 310 Bowery Bar and 82 Stanton's records, you were employed as a tipped food-service employee at 310 Bowery Bar and/or 82 Stanton in Manhattan between February 22, 2018 and January 13, 2025 and are entitled to participate in the proposed settlement of the case captioned *Marin, v. 310 Bowery Group, LLC,* No. 24 CV 01340 (S.D.N.Y.) (the "Lawsuit").  The Lawsuit was brought by Gina Marin against 310 Bowery Group, LLC d/b/a 310 Bowery Bar, Epstein's Bar d/b/a 82 Stanton, and Richard Aurigemma (collectively "310 Bowery Bar and 82 Stanton" or "Defendants").

Under the terms of the parties' settlement ("Settlement" or "Settlement Agreement"), you may claim money under the Settlement.  **A CLAIM FORM IS ENCLOSED WITH THIS NOTICE.  YOU WILL RECEIVE MONEY FROM THIS SETTLEMENT ONLY IF YOU RETURN THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR ON OR BEFORE JULY 7, 2025.**

## 1. WHAT IS THE PURPOSE OF THIS NOTICE?

**PLEASE READ THIS NOTICE CAREFULLY.**  It contains important information about your rights concerning the settlement of the Lawsuit.  If the Court approves the Settlement Agreement, each Class Member will be bound by its terms unless he/she affirmatively opts-out of the Settlement Agreement.

The Court has ordered that this Notice be sent to you to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

## 2. WHAT IS THIS CASE ABOUT?

The Lawsuit asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that 310 Bowery Bar and 82 Stanton failed to properly compensate certain tipped food-service employees for all hours worked, including overtime for hours worked in excess of forty per workweek.  The Lawsuit also alleges that employees were not provided with the appropriate notices that 310 Bowery Bar and 82 Stanton was required to provide them with.  Finally, the Lawsuit alleges that 310 Bowery Bar misappropriated portions of employees' tips.

Defendants deny these allegations in their entirety and maintain that all tipped food-service employees were paid properly and received all monies owed.  The parties have entered into this Settlement Agreement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.  The Court has not made any ruling on the merits of the claims in the Lawsuit, and no party has prevailed in this action.

## 3. WHO IS INCLUDED IN THE CLASS?

The parties have agreed to settle the Lawsuit for a class consisting of all tipped food-service employees employed at 310 Bowery Bar and/or 82 Stanton between February 18, 2022 and May 8, 2024 ("Class Members"). You have received this notice because 310 Bowery Bar and/or 82 Stanton has identified you as tipped food-service employee eligible to receive a portion of the Settlement.

## 4. HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Settlement Agreement is given final approval by the Court, Defendants will pay up to a maximum of $750,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $750,000.00 prior to distribution of the settlement funds to Class Members:

1. Attorneys' Fees and Costs: Class Counsel will apply to the Court for approval of costs and attorneys' fees of one-third of the Settlement Fund after deducting their costs.

2. Service Awards: If the Court approves such payment, $10,000 will be paid to the Named Plaintiff Gina Marin.

3. Claims Administrator Costs: Class Counsel will apply to the Court for recovery of all costs of administration of this settlement.

4. If the Court approves the payments listed above, the remaining Settlement Fund (the "Net Settlement Fund") will be allocated to Class Members based on the hours worked between February 22, 2018 and May 8, 2024 and the amount of credit card tips they received at 310 Bowery Bar between February 22, 2018 and May 8, 2024.

- Class Member who previously executed a release of wage and hour claims against Defendants will be allocated a settlement share of $150.

- Once checks are issued, they will be valid for only 180 days.

- For more information about how individual settlement awards are calculated, you may contact Plaintiffs' Counsel, Josef Nussbaum at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 at 212-688-5640 or jnussbaum@jk-llp.com.

**IF YOU DO NOTHING, YOU WILL REMAIN PART OF THE CASE, NOT RECEIVE PAYMENT AND STILL BE BOUND BY THE TERMS OF THIS SETTLEMENT AGREEMENT.**

## 5. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the Settlement, you must fill out the enclosed Claim Form. If you do not fill out a Claim Form, you will not receive any money from this settlement.** Attached to this Notice is a Claim Form which you must fill out and mail, postmarked on or before July 7, 2025, to:

*Marin v. 310 Bowery Group* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

310 Bowery Bar and 82 Stanton cannot retaliate against you for participating in this Settlement and/or submitting a Claim Form.

It is your responsibility to retain proof of timely mailing or submission of a Claim Form until receipt of your settlement payment. If you move, you must send the Claims Administrator your new address. It is your responsibility alone to provide a forwarding address to the United States Post Office and your current address to the Claims Administrator.

If you are found eligible to participate in the Settlement, you should not expect to receive any payment until the Settlement is final, which will likely be several months away.

### 6. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

Upon the Order Granting Final Approval of the Settlement Agreement, and except as to such rights or claims as may be created by it, each Class Member, on his or her behalf, and on behalf of his or her respective current, former, or future, heirs, spouses, executors, administrators, agents, and attorneys, creditors, estates, trustees, and beneficiaries fully releases and discharges Defendants as well as Defendants' respective present and former affiliates, related entities, divisions, subsidiaries, parents, predecessors, successors, any merged entity or merged entities and/or any of their present and former officers, partners, employees, owners, members, directors, agents, attorneys, investors, shareholders, insurers or reinsurers, shareholders, trustees, estates, transferees, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, in their individual and/or representative capacities, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them ("Releasees"), from any and all claims demands, rights, actions, causes of action, liabilities, damages, losses, obligations, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been brought or could have been brought under the New York Labor Law, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, the New York Wage Theft Prevention Act, and/or any other rule, regulation, statute, law (other than the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the regulations thereunder), or ordinance that governs the payment of wages and is promulgated by any city, county, town, village, or municipality within the state of New York or in any other state or locality from the beginning of time through the date that the Court issues the Order Granting Final Approval of the Settlement Agreement including without limitation any such claims for statutory, constitutional, contractual or common law claims for unpaid wages, minimum wages or overtime wages, administrative or other mandatory charges, failure to maintain and furnish employees with proper Rate of Pay notices and/or wage statements, claims to recover the tip credit, payment of final wages, earned sick time, accrued benefit time, prevailing wages, commissions, spread of hours, unpaid gratuities, service charges, call-in payments, meal credit claims, uniform maintenance fees, meal break claims, liquidated damages, statutory penalties, living wage, any related wage and hour claims, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief.

In addition, if you sign and return a Claim Form that is accepted pursuant to this Settlement, you, on your own behalf, and on behalf of your respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, creditors, estates, trustees, and beneficiaries shall forever and fully release Defendants and Releasees from any and all claims demands, rights, actions, causes of action, liabilities, damages, losses, obligations, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been brought or could have been brought under the FLSA and the regulations thereunder from the beginning of time through the date that the Court issues the Final Approval Order including without limitation any such claims for unpaid wages, liquidated damages, equitable relief, improper taking of a tip credit, and attorneys' fees, and costs related to such claims.

| 7. HOW DO I OPT OUT OF THE SETTLEMENT CLASS? |
|---|

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement or be bound by the release of claims described above. To opt-out of the Settlement Agreement you must do so by July 7, 2025. If you do not opt out, you will be bound by the terms of the Settlement Agreement. To opt out, you must mail a signed letter which specifically states, "I elect to exclude myself from the settlement in *Marin, v. 310 Bowery Group, LLC,* No. 24 CV 01340 (S.D.N.Y.)" postmarked no later than July 7, 2025. You must include your name and address in the letter. If you choose to opt out, send your letter to:

*Marin v. 310 Bowery Group* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

| 8. WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT? |
|---|

If you have not opted out of the Settlement, and if you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing. You are not required to submit an objection. Written objections must be postmarked no later than July 7, 2025 and sent to:

*Marin v. 310 Bowery Group* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *Marin, v. 310 Bowery Group, LLC,* No. 24 CV 01340 (S.D.N.Y.). If you opt-out of the settlement, you may not also object to the settlement.

| 9. WHEN IS THE FAIRNESS HEARING? |
|---|

A hearing before the Honorable Sarah L. Cave, will be held on July 17, 2025 at 2:30 p.m. at the United States District Court for the Southern District of New York, Courtroom 18A, located at 500 Pearl Street, New York, NY 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement Agreement is fair, adequate, and reasonable and should be approved by the Court. The Court will consider any comments or objections filed in accordance with the procedures described above.

| 10. HOW CAN I EXAMINE COURT RECORDS? |
|---|

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.

Additionally, if you have questions about this Notice or want additional information, you can contact Josef Nussbaum of Joseph & Kirschenbaum LLP at 212-688-5640 or jnussbaum@jk-llp.com or the Claims Administrator at the address/phone number listed above.



**Xpand Legal Consulting, LLC**
**PO Box 51570**
**Irvine, CA 92619**

May 7, 2025

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

  Re: **NOTICE OF CLASS ACTION SETTLEMENT WITH 310 BOWERY BAR AND 82 STANTON BARS IN MANHATTAN (*Marin, v. 310 Bowery Group, LLC,* No. 24 CV 01340)**

Dear «FirstName» «LastName»,

  According to 310 Bowery Bar and 82 Stanton's records, you worked as a tipped food-service employee at 310 Bowery Bar and/or 82 Stanton in Manhattan during the time period covered by a class action lawsuit for unpaid wages. The Parties have reached a settlement in that lawsuit under which you are eligible to receive a portion of the settlement. Enclosed herein is a Court approved Notice and Claim Form. **In order to receive payment under the settlement, you must sign the enclosed form entitled "CLASS MEMBER CLAIM FORM." You will not receive money from the settlement unless you submit a Claim Form by JULY 7, 2025. In order to receive your settlement amount, the Claims Form must be mailed or emailed to the address listed in the Claims Form.**

  For full information about the settlement and how to claim your share of the settlement, please contact Plaintiff's attorney Josef Nussbaum at (212) 688-5640 or jnussbaum@jk-llp.com.

Sincerely,

*Marin v. 310 Bowery Group* Settlement Administrator

# CLASS MEMBER CLAIM FORM

*Marin, v. 310 Bowery Group, LLC,* No. 24 CV 01340 (S.D.N.Y.)

**TO SHARE IN THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM.  YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT UNLESS YOU SUBMIT THIS CLAIM FORM.  THE CLAIM FORM MUST BE POSTMARKED OR E-MAILED NO LATER THAN JULY 7, 2025**

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**Corrections or Additional Information**:
(*Write any name and address corrections below if any is necessary **OR** if there is no preprinted data to the left, please provide your name and address here*)

_____
_____
_____
_____

Daytime Telephone Number (____) _____
Evening Telephone Number (____) _____

*Marin v. 310 Bowery Group* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

310 Bowery Bar and/or 82 Stanton's records of indicate that you were employed by 310 Bowery Bar and/or 82 Stanton as a tipped food-service employee between February 18, 2022 and May 8, 2024. Based on the hours you worked and the credit card tips you received according to 310 Bowery Bar and/or 82 Stanton's records, your estimated Individual Settlement Amount is approximately $«EstPayment Amt».  Please note that this is just an estimate and is subject to change.

By signing and returning this form, you are claiming your Individual Settlement Amount and opting-in to the above-captioned lawsuit brought to recover wages under the Fair Labor Standards Act and New York Labor Law. If you do not sign and return this form, you are still bound by the terms of the Settlement unless you opt-out.

By signing and returning this form, you acknowledge that you are releasing claims against Defendants and Releasees, as set forth in greater detail in the Notice of Settlement.

Date: _____         _____
                                                                  (Sign your name here)