# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph  
D. Maimon Kirschenbaum  
Denise Schulman  
Josef Nussbaum  
Lucas Buzzard  
Leah Seliger  
Michael DiGiulio  

32 Broadway, Suite 601  
New York, NY 10004  
Tel: 212-688-5640  
Fax: 212-688-2548  
www.jk-llp.com  

July 15, 2025

**VIA ECF**

Honorable Sarah L. Cave  
United States District Court  
Southern District of New York  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl St.  
New York, NY 10007  

    Re: *Marin, v. 310 Bowery Group, LLC, et al*, 24-cv-01340 (SLC)

Dear Judge Cave:

  We represent Plaintiff and the Fed. R. Civ. P. Rule 23 class in the above-referenced action. We write in response to Defendants' inappropriate letter filed earlier today in which they seek to have Plaintiffs' counsel sanctioned by reducing their attorneys' fees.[1] While Defendants may be disappointed that more class members submitted claim forms than they had hoped, Class Counsel was well within their rights to discuss the settlement with class members.

  As an initial matter, Defendants' application should be denied because Section 3.2(A) of the Agreement (the "Agreement" is attached as Exhibit 1") provides that "Defendants will not oppose [the application for attorneys' fees] provided the applications are consistent with the terms of this Agreement." Ex. 1 at § 3.2(A). Defendants cannot and do not point to any provision of the Agreement that Class Counsel violated by communicating with class members. Even if there were some violation of the Agreement, Defendants do not make any argument that the application for attorneys' fees is inconsistent with the Agreement. Accordingly, Defendants *cannot* oppose Class Counsel's motion for fees, and their motion should be stricken full-stop.

  Turning to the substance of Defendants' application, Defendants misleadingly cite to the authority that relates to communications with **putative opt-ins in FLSA cases**. As Class Counsel explicitly informed Defendants' counsel on June 27, 2025 when Defendants' counsel made this

---

[1] Plaintiffs note that Defendants' letter violates Section 1.A of the Court's Individual Practices in Civil Cases which limits letters to 1,050 words. Defendants' letter exceeds this limit by more than 500 words.

very argument, FLSA authority has absolutely no import with respect to Class Counsel's right to discuss the case with members of a certified class. Potential opt-in plaintiffs in an FLSA collective action are not represented by counsel unless and until they choose to opt in. *Cf. Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103-04 (S.D.N.Y. 2003) (noting that potential plaintiffs are not bound by an FLSA judgment unless they opt in). However, it is hornbook law that upon *class* certification, an attorney-client relationship is created between class members and class counsel. *E.g.*, *Gortat v Capala Bros., Inc.*, 2010 U.S. Dist. LEXIS 45549, at *5 (E.D.N.Y. May 10, 2010); *cf. Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318, at *4 (S.D.N.Y. Apr. 24, 2006). Thus, all class members became Class Counsel's clients upon this Court's certification of the class, and Class Counsel had every right to communicate with their own clients, particularly where class members stood to waive their claims without compensation if they did not submit claim forms.

In light of the above, Defendants are essentially making the ridiculous assertion—without a shred of authority or support from within the Agreement—that Class Counsel cannot encourage *their own clients* to claim the money they are owed in exchange for their release of claims. In fact, in the context of claims-made settlements, courts have rejected claims-made class action settlements where (as Defendants would like to have it here) class counsel agreed *not* to discuss the case with class members/claimants and/or encourage them to claim their money. *E.g., Hernandez v ABM Indus., Inc.*, No. 151885/2020, 2025 N.Y. Misc. LEXIS 5911, at *11 (Sup. Ct. NY County July 1, 2025) (denying approval of claims made settlement because "the Settlement provides that class counsel is not permitted to contact class members *at all*, let alone encourage them to make claims") (emphasis in original).

To add insult to injury, Defendants are well aware that Class Counsel's communications with class members were at least in part necessitated by Defendants' failure to provide accurate data to the Claims Administrator. As Your Honor may recall, Defendants had many absent class members sign releases after this case was filed (the "Releasees"). *See* ECF No. 71. The parties nonetheless agreed to include the Releasees in the settlement distribution because Plaintiff indicated that she would have contested these releases in the litigation. The parties allocated Releasees the Alternative Minimum Benefit of $150. *See* Ex. 1 at § 3.4(A)(1). The parties further agreed that Defendants would identify the Releasees in the class list so that the Claims Administrator could make the appropriate calculations limiting their entitlement under the settlement. *Id*. § 1.9. Defendants failed to identify the Releasees as such in the Class List, and this omission significantly lowered the estimated awards for non-Releasee class members. This error came to the undersigned's attention in late June 2025. While Defendants' are seemingly offended by Class Counsel spending 15 hours discussing the settlement with class members, the vast majority of that time was spent explaining to non-releasee class members that their estimated amounts were underestimated because of Defendants' error.

Finally, Defendants' request to have class counsel sanctioned—by reducing their fee in an amount equal to the what Defendants purport is the amount recovered by the Class Members through Class Counsel's assistance—is particularly silly (let alone without a modicum of legal support) and should be ignored. "Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010

U.S. Dist. LEXIS 1120, at *9 (S.D.N.Y. Jan. 7, 2010). "The FLSA and NYLL statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights." *Capsolas v. Pasta Res., Inc.*, No. 10 CV 5595, 2012 U.S. Dist. LEXIS 144651, at *22-23 (S.D.N.Y. Oct. 5, 2012). Defendants' letter serves to only highlight that Class Counsel did just that – we provided legal services for individuals who claims would be too small to justify prosecuting on their own. Defendants' backwards request that Class Counsel be punished for assisting our own clients to prosecute claims runs completely afoul of the reasons underlying litigating wage and hour class actions. These nonsensical arguments should be swiftly rejected.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

    s/ *Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640


cc: All Counsel of Record (via ECF)