# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

July 23, 2025

**VIA ECF**

Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *Marin, v. 310 Bowery Group, LLC, et al*, 24-cv-01340 (SLC)

Dear Judge Cave:

We are Class Counsel in the above-referenced action. We write in accordance with the Court's July 17, 2025 Order to attach a declaration outlining the identities and dates of our communications with Class Members (Exhibit A) and to provide copies of invoices for the costs we are seeking (Exhibit B). As set forth below and in our July 15, 2025 letter, Defendants' opposition to our motion for attorneys' fees is premised entirely on (scant) FLSA jurisprudence that is completely inapplicable to Plaintiff's Counsel's communications with Rule 23 Class Members. Defendants' request for close to $100,000 in sanctions is completely baseless and should be rejected. The Court should award Class Counsel's requested fee in total.[1]

In their opposition, Defendants hitch their entire argument to one case, *Panora v. Deenora Corp.*, which is obviously inapposite here. 521 F. Supp. 3d 177 (E.D.N.Y. 2021). Defendants do not cite to any standard justifying the extreme fee reduction they seek. In any event, Defendants' reliance on *Panora* misses the mark for several reasons:

- Defendants ignore the distinction between collective actions and class actions. Under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b). "In contrast, Rule 23 class actions […] do not require the affirmative consent of class members. Rather, all NYLL class members are included *as parties* unless they affirmatively 'opt-out.'" *Morales v.*

---

[1] Plaintiffs incorporate by reference all arguments submitted in their July 15, 2025 response letter.

*Rochdale Vill.*, 2019 U.S. Dist. LEXIS 232122, at *3-4 (E.D.N.Y. Dec. 6, 2019) (emphasis added).  Crucially, putative FLSA opt-ins (a) are not represented by counsel before opting in, and (b) their rights are totally unaffected if they do not opt-in. By contrast, Rule 23 Class Members (a) are represented by class counsel, and (b) risk having their claims released for no money if they do not claim their money.

- Plaintiffs' counsel in *Panora* violated the court ordered notice process and engaged in egregious conduct without court approval. For example, they used the defendant's business logo in communications with collective members and included a QR code that, when scanned, connected potential opt-ins to a chat directly with plaintiff's counsel. *Panora*, 521 F. Supp. 3d at 179. Here, there is no allegation that Class Counsel came anywhere close to engaging in any such offensive behaviors.

- Unlike *Panora*, *Defendants* here were the bad actors as they did not identify releasees on the Class List, in violation of the Settlement Agreement and the Preliminary Approval Order. This created more than 38% in "dead money" that they knew would not get claimed and directly led to the low claims rate that caused Class Counsel to reach out to Opt-In Plaintiffs and some Class Members. Nussbaum Decl. ¶¶ 14-25.

- Other than the Opt-In Plaintiffs, the vast majority of Class Members who communicated with Class Counsel here initiated that contact. Without a court order limiting such communications, this type of attorney-client engagement would be permissible even in the FLSA opt-in context.  *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 2009 U.S. Dist. LEXIS 66045, at *14 (N.D.N.Y. May 27, 2009) (finding in FLSA case that "prohibition on communication between the parties, their counsel, and potential opt-in plaintiffs […] is contrary to law.")

- Judge Cogan's sanction *in Panora* was $2,000, and at the end of the case, he refused to reduce plaintiffs' counsel's fees on account of the communications in question. (Judge Cogan did reduce the fee for other reasons not applicable here.). Nussbaum Decl. ¶¶ 26-30.

Defendants' entire argument ignores the fact that in the Second Circuit "certification under Rule 23(c) makes the Class the attorney's client for all practical purposes[.]" *Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978). *See also Chen-Oster v. Goldman, Sachs & Co.*, 2018 U.S. Dist. LEXIS 131861, at *9 (S.D.N.Y. July 24, 2018) ("The majority of courts recognize that an attorney-client relationship with class counsel arises at the time the class is certified"); *Tedesco v. Mishkin*, 629 F. Supp. 1474, 1483  (S.D.N.Y. 1986) (noting that the relationship arises "at least for the limited purpose of aiding prospective class members in deciding whether or not to join in the class action") (internal quotation marks omitted).  Moreover, Defendants have identified no case law – and Class Counsel are aware of none – that limits class counsel's communications with class members during the settlement notice period absent an express provision in the settlement agreement governing such communications.  To be sure, any such communications would not impinge on the due process rights of Defendants, who are paying exactly the money they agreed to pay and getting a release from every Class Member, or of Class Members, who are releasing claims in exchange for money instead of for free.

Class Counsel—in its efforts to assure that Class Members do not flatly release their claims against Defendants without receiving any of the money allotted to them—engaged Class Members in ways that have been commended by courts supervising claims-made settlements. *E.g., Sanchez v Kambousi Rest.*, 2016 U.S. Dist. LEXIS 203410, at *8-9 (S.D.N.Y. Sept. 14, 2016) ("Class Counsel also conducted an in-person meeting with eighteen Class Members to…assist them in filling out their Claim Forms."); *Aichele v. City of L.A.*, 2015 U.S. Dist. LEXIS 120225, at *7 (C.D. Cal. Sept. 9, 2015) (awarding requested fee where "Plaintiffs' counsel engaged in active outreach."); *Moore v. Verizon Communs. Inc.*, 2014 U.S. Dist. LEXIS 19145, at *13 (N.D. Cal. Feb. 14, 2014) ("The post-settlement time spent by Class Counsel communicating with class members was reasonably expended and necessary to effectuate the parties' claims-made settlement.").

In short, (a) Class Counsel engaged in appropriate conduct to protect their clients' rights, (b) *Panora* is completely inapposite because it dealt with putative FLSA plaintiffs whose rights were completely unaffected by the case if they chose not to opt-in, (c) *Panora* dealt with awful behavior, unlike Class Counsel here, and (d) the requested sanction of $92,000 is extreme and baseless.

Finally, attached here as Exhibit B are Class Counsel's invoices. Since the Fairness Hearing our office received two additional invoices raising Class Counsel's costs to $9,151.58. We respectfully request that the Court award this amount in costs and not the lower amount previously set forth in the final approval application.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

      s/ *Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640


cc: All Counsel of Record (via ECF)