# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

July 25, 2025

**VIA ECF**

Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Marin, v. 310 Bowery Group, LLC, et al*, **24-cv-01340 (SLC)**

Dear Judge Cave:

    We are Class Counsel in the above-referenced action. We write in response to Defendants' motion to compel filed yesterday. ECF No. 106. For the reasons set forth below, the Court should put a stop to Defendants'/Defendants' counsel's conduct which is pointless and now bordering on abusive.

    As an initial matter, Defendants' application should be denied because it violates the parties' Agreement that "Defendants will not oppose [the application for attorneys' fees] provided the applications are consistent with the terms of this Agreement." ECF No. 91-1 at § 3.2(A). Without first providing any explanation as to how their opposition squares with this provision, Defendants filed an opposition to our motion and were granted extraordinary and time consuming discovery with which they are somehow still not satisfied. Defendants' opposition, which is now metastasizing into discovery motions (post-settlement), should be denied for the simple fact that they cannot meet the threshold requirement set forth in the Agreement and thus the issue should end there.

    Even if that were not the case, the wild goose chase Defendants now seek to engage in was not ordered by the Court and is a waste of the Court's and counsel's time. Your Honor did not Order our firm to identify communications that *Class Members* had with *Class Members*. That is, of course, not surprising as gathering such information is an almost impossible endeavor and, in any event, would not yield any meaningful results.

The endeavor is impossible as there is simply no way that we would be able to contact every Class Member – we don't have phone numbers or emails for most of them – to somehow nail down exactly who spoke to whom. It is also, of course, not even clear that Class Members would be able to reliably provide us with that information. And, to top it off, there is no way the Court would expect counsel to describe and affirm in a declaration any information concerning communications that individuals other than the declarant had.

But even more to the point, it is clear that the information Defendants/Defendant's counsel now seek is only intended to harass Class Counsel and absent Class Members as, even if we did everything Defendants requested in their motion to compel, it would not yield anything relevant to their (baseless) opposition. Put simply, communications that Class Members may have had with each other do not at all matter to Class Counsel's fee application. Thus, even if we were able to glean every single communication that every single Class Member had with each other, and Defendants/Defendants' counsel were not happy with something that a Class Member said (again, we do not know how they would know that), it would still not provide any basis with which to oppose Class Counsel's fee application. Communications that Class Members had with each other are simply not relevant, and Class Counsel would never be held accountable for any such communications.

Lastly, is worth highlighting the kookiness of Defendants' current position. In short, without proffering any basis or evidence, Defendants took issue with our firm calling Class Members ostensibly because they believe we did not adhere to our professional responsibilities and could not be trusted in those communications. Defendants' remedy for that alleged misconduct, *i.e.*, to now have our office call all Class Members and ask them who they spoke to, is obviously absurd given the context of their stated opposition.

In short, we provided the information the Court Ordered – which is the only information that could possibly matter to Defendants' contrived opposition. It is clear that Defendants/Defendants' counsel hoped for a lower claims rate in this case and they are now essentially throwing a tantrum and going scorched earth to seek discovery from Class Counsel and absent Class Members about information that is simply not relevant to the matter at hand. We respectfully request that Court put an end to this unruly and exasperating behavior.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ *Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640


cc: All Counsel of Record (via ECF)