**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Aaron Solomon
asolomon@kaufmandolowich.com

Alisha Talati
alisha.talati@kaufmandolowich.com

July 24, 2025

**VIA ECF**
Honorable Sarah L. Cave
United States District Court
Eastern District of New York
500 Pearl St.
New York, NY 10007

      Re: *Marin v. 310 Bowery Group LLC;*
        S.D.N.Y No.: 1:24-cv-01340-(SLC)

Dear Judge Cave:

  This office represents the Defendants. We write because we believe that the declaration submitted by Opposing Counsel yesterday, *see Dkt.* #105, does not comply with the Court's Order dated July 17, 2025. *See Dkt.* #102.

  One of Opposing Counsel's arguments is that it was permissible for him to encourage the opt-in Plaintiffs to contact absent Class Members to solicit their participation in the settlement. *See* Exhibit A, Fairness Hearing Transcript at pg. 33 lns. 9 – 12 ("We did speak with the opt-in Plaintiffs, the people who opt-in for the case. We did tell them we think it would be great if you got a lot of people to opt in");[1] *see also Dkt.* 105-1 at ¶ 6 ("To the best of my knowledge, after my conversations with the Named Plaintiff and Opt-In Plaintiffs, these individuals communicated with their former coworkers about the case."). At the Fairness Hearing, Defendants expressed concern about the appropriateness of these communications and, amongst other things, requested that Plaintiff's counsel identify the opt-in Plaintiffs who contacted absent Class Members, the absent Class Members with whom the opt-in Plaintiffs communicated, the dates of these communications, and who initiated these communications. *See* Exhibit A, Fairness Hearing Transcript at pg *31:* lns. *7 – 11* ("[I]s Class Counsel saying that the opt-in plaintiff contacted a particular person? And if so, what was the connection there? Who was the opt-in plaintiff and who did they call").

  The court order clearly states that Plaintiff's counsel must provide the following information:

   (i)  The date(s) on which the class member communicated with Plaintiffs' counsel;
   (ii)  The individuals with whom the class member communicated;
   (iii) Who initiated that communication;
   (iv) The date on which the class member filed their claim; and

---

[1] Plaintiff's counsel filed the entire transcript with his declaration. For the sake of efficiency, we are only filing the relevant portions.

  (v)  The value of the class member's claim; and iii. Invoices or receipts supporting the costs for which Plaintiffs' counsel is seeking reimbursement.

*See* Dkt. # 102.

  Opposing Counsel's declaration does not identify the opt-in Plaintiffs who contacted absent Class Members, the Class Members with whom the opt-in Plaintiffs communicated, the dates of these communications, and who initiated these communications. We brought this to opposing counsel's attention today. Opposing counsel believes that the Court did not direct him to provide this information.

  If the Court did direct Plaintiff to produce the foregoing information about the opt-in Plaintiffs, we respectfully request that the Court direct Plaintiff's counsel to file an amended declaration and afford Defendants a period of seven days after the amended declaration is filed to submit their response.

  Lastly, 13 out of the 34 paragraphs contained in opposing counsel's declaration address issues that go beyond a description of the contact that he had with class members (i.e. a discussion about the *Panora* case and its applicability here, arguments about when the Class List was provided, and a discussion about the identification of Releasees). *See* Dkt. # 105-1, The purpose of the declaration was to describe contact with the Class Members. The declaration was not supposed to explain, in detail, why that contact was necessary and it most certainly was not intended to give opposing counsel another way to address *Panora*. Those arguments should only be contained in opposing counsel's three-page letter. As such, Defendants respectfully request that the Court afford Defendants an appropriate enlargement of their page limit so they can fairly respond.

  We thank the Court for its continued courtesies.

               Respectfully submitted,
               Kaufman Dolowich LLC

cc:  All counsel of record (via ECF)    Aaron N. Solomon

---

Defendants' letter motion at ECF No. 106 is **GRANTED in part** and **DENIED in part**.

The Court **GRANTS** the portion of Defendants' letter motion that requests an enlargement of the page limit for their letter response due on July 31, 2025. Defendants shall have an additional 2 pages in their letter response.

The Court finds that Plaintiff's counsel's declaration at ECF No. 105-1 complies with the Court's order at ECF No. 102. Accordingly, the Court **DENIES** the portion of Defendants' letter motion that requests that the Court direct Plaintiff's counsel to file an amended declaration.

The Clerk of Court is respectfully directed to close ECF No. 106.

SO ORDERED.  July 25, 2025

SARAH L. CAVE
United States Magistrate Judge